MELLWITZ *v.* MANHATTAN RY. CO.

(*Supreme Court, General Term, First Department.* December 31, 1891.)

1. CARRIERS—INJURY TO PASSENGERS—EVIDENCE.

 In an action against an elevated railroad company to recover for personal injuries, plaintiff's unsupported testimony that, while trying to enter a car, she was pushed over by the guard for a refusal to place a ticket in the ticket-box after she had already deposited a ticket therein, was contradicted by the testimony of six witnesses (three disinterested) that she fell while attempting to get on the train after the gates were closed, and it had started. *Held,* that a verdict for plaintiff should be set aside.

2. ACTION BY MARRIED WOMAN—PERSONAL INJURIES—LOSS OF EARNINGS.

 In an action by a married woman for personal injuries caused by negligence of defendant, loss of earnings cannot be proved unless specially pleaded, as they are not the immediate and necessary result of the injury, but result from special circumstances.

3. INJURIES TO PASSENGER—HEARSAY EVIDENCE.

 In an action to recover for personal injuries alleged to have been caused by being knocked over by the guard of defendant's elevated train for refusal to put a ticket in the ticket-box, where the defense was that the injury was caused by plaintiff's attempting to get on the train while it was in motion after the gates were shut, testimony by a witness that a physician, in examining the injury, said that it was caused by a blow, is inadmissible, being hearsay, unless regularly offered to contradict the physician as a witness.

Appeal from circuit court, New York county.

Action by Agnes Mellwitz against the Manhattan Railway Company to recover for personal injuries alleged to have been caused by defendant's negligence. From a judgment entered upon a verdict for plaintiff for $250, and from an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and DANIELS and BARRETT, JJ.

*Davies & Rapallo,* (*Julien T. Davies* and *Joseph H. Adams,* of counsel,) for appellant. *Adam Rosenberg,* (*I. W. Jacobson,* of counsel,) for respondent.

BARRETT, J. I am inclined to think that the motion for a new trial in this case should have been granted. Certainly we would not have interfered with the judgment of the learned justice who tried the action at circuit, had he granted a new trial upon his minutes. The action is for damages alleged to have been sustained by the plaintiff upon the morning of the 7th of June, 1889, at the elevated railway station at Eightieth street and Second avenue, in this city. The plaintiff tells an improbable story as to what then occurred. In substance, it is this: That she purchased two tickets; put one of them in the box, and held the other in her hand. When about to enter the car, the conductor or gateman told her to put her ticket in the box. He then punched or pushed her twice, once on the breast, and thus caused her

to fall over on her left side on the station platform. She adds that she had actually got inside the car when this man pushed her off and "threw her out." This story is entirely without corroboration, and it is explicitly denied by six witnesses, three of whom have no connection with the defendant, and are apparently disinterested. These witnesses testify, in substance, that the plaintiff ran towards the train, and fell in attempting to get on it after the gates were closed, and while it was moving away. Several of these witnesses deny that the conductor or gateman pushed her, while others say that they were so situated as to be unable to see the conductor. But what they did see was entirely inconsistent with the version of the affair given by the plaintiff, and, if credited, conclusively established her contributory negligence. The testimony of these witnesses is criticised by the respondent as improbable, contradictory, and unreliable. But, as we read it, their contradictions and variations are slight, and with regard to minor matters of detail,—just such discrepancies, in fact, as are usually found when several observers of an exciting occurrence attempt to narrate what happened. The very fact of such discrepancies in matters of detail favors the veracity of the narrators, while photographic agreement upon every particular would be suspicious. The plaintiff's testimony is likewise criticised by the defendant, and with more reason; for she tells a story of brutality without motive, and gives us no idea why she was singled out from a host of passengers for mere wanton outrage. As the testimony of the plaintiff was in itself improbable, as it was wholly without corroboration, and as it was contradicted by numerous witnesses, several of whom were entirely disinterested, we think the learned judge should either have taken the case from the jury or granted a new trial. The trifling amount awarded to the plaintiff is significant as to what actuated the jury. If her story was true, she was clearly entitled to a much more substantial verdict; and it really looks as though the jury realized that her case was weak, yet gave her a small sum rather than turn her out of court entirely empty-handed. This was compassion, not justice, and in considering such a case the following words of Justice BARCULO in *Haring* v. *Railroad Co.*, 13 Barb. 15, are apt and suggestive: "We cannot shut our eyes to the fact that in certain controversies between the weak and the strong, between a humble individual and a gigantic corporation, the sympathies of the human mind, and naturally, honestly, and generously, run to the assistance and support of the feeble and apparently oppressed, and that compassion will sometimes exercise over the deliberations of a jury an influence which, however honorable to them as philanthropists, is wholly inconsistent with the principles of law and the ends of justice."

As a better case may possibly be presented by the plaintiff upon a new trial, it is proper that we should notice two other points made by the appellant. The court, against its objection and exception, admitted evidence as to the plaintiff's loss of earnings. This was error, for the reason that such damages were not pleaded. *Uransky* v. *Railroad Co.*, 118 N. Y. 304, 23 N. E. Rep. 451. Ordinarily, such damages are provable without being specially pleaded, for, in the case of a man or a *feme sole*, they are the natural and immediate consequences of the injury. Not so, however, in the case of a married woman. She may undoubtedly recover them, but only in case she has, prior to the injury, been engaged in the performance of some labor for her sole and separate use and benefit, or can otherwise show that she is entitled to the fruits of her own labor. In her case they are not the immediate and necessary result of the injury. They result from the additional and special circumstances that she has been accustomed to avail herself of her statutory right to work for herself, or that for some other reason she is entitled to the fruits of her own labor. The case cited is directly in point, and must be followed. And the rule there laid down finds support in *Filer* v. *Railroad Co.*, 49 N. Y. 55, 56, where such damages, when claimed by a married woman, were styled

"consequential." It was also error to permit the question which was put to the witness Wurst: "*Question.* Did you hear what the doctor said when he was examining the plaintiff?" This enabled the witness to answer as follows: "He says, 'That is from a blow.'" This testimony was highly prejudicial to the defendant, as the issue was whether the plaintiff fell naturally, while attempting to get on a moving car, or as the result of a push from the conductor. The doctor had been examined before the question was put, but he was not asked whether he made such a declaration at the time and place specified by Wurst. Treated independently, the testimony was hearsay. If offered to contradict the doctor, it was, of course, collateral, and, under well-settled rules, his attention should have been called to it. The judgment and order appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.