### BLOOM *v.* MANHATTAN EL. RY. CO.

*(Supreme Court, General Term, First Department.* February 18, 1892.)

1. ACTION BY MARRIED WOMAN—PERSONAL INJURIES—LOSS OF EARNINGS.
   In an action by a married woman to recover damages for personal injuries, in which there was evidence that plaintiff worked in a cigar factory, but in which the complaint contained no allegation of loss of earnings, or that plaintiff was carrying on business on her account, or that she was allowed by her husband to apply her earnings to her own use in a separate business, the court erred in admitting evidence of her weekly earnings. *Mellwitz* v. *Railway Co.,* (Sup.) 17 N. Y. Supp. 112, followed.

2. ERRONEOUS INSTRUCTION—EFFECT ON JURY—VERDICT.
   There was no evidence in the case that plaintiff would suffer future pain from her injuries, to justify an instruction that the jury might take such future pain into consideration. *Held,* that the smallness of the verdict rendered for plaintiff could not be relied on to show that future pain was not taken into consideration by the jury.

Appeal from circuit court, New York county.

Action by Mary Bloom against the Manhattan Elevated Railway Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and LAWRENCE, J.

*Davies & Rapallo, (Julien T. Davies* and *Joseph H. Adams,* of counsel,) for appellant. *Jacob Manheim, (Henry M. Goldfogle,* of counsel,) for respondent.

O'BRIEN, J. The action was brought by plaintiff to recover damages alleged to have been sustained by her through the negligence of the defendant. Upon the trial she testified that on the 27th of August, 1888, while attempting to step from one of defendant's station platforms upon one of the cars, and after she had placed her right foot upon the car, the latter was suddenly started with a jerk, thereby causing the plaintiff to lose her balance, so that her left leg was caught between the platform of the car and the platform of the station. Upon the trial the principal question to which the evidence was di-

rected as showing the cause of plaintiff's injury was as to whether or not, after the train had stopped at the station, it gave a sudden jerk, and thus precipitated the plaintiff's leg between the car and the platform. Plaintiff testified to such a motion of the car, but was supported by no other witness, while on the part of the defendant eight witnesses, who were present when the accident occurred, three of whom appeared to have been entirely disinterested, gave testimony to the directly opposite effect. The burden of proving defendant's negligence, which, in this case, was predicated upon the moving of the train, was upon the plaintiff, and this she was bound to do by a fair preponderance of evidence. It is difficult to conclude that this burden was sustained by plaintiff's uncorroborated version as against the testimony of the eight other witnesses. It is unnecessary, however, for us to determine that the verdict was against the weight of evidence, for the reason that the judgment must be reversed for other errors appearing upon the trial, two of which will be briefly referred to.

Plaintiff testified that when she was injured, she had been working at cigars at a factory on the Bowery. Then she was afterwards questioned: "What were your earnings just before the happening of the injuries?" This was objected to as incompetent, irrelevant, and immaterial, and as not within the issues. The objection was overruled, and an exception duly taken by the defendant, and thereupon plaintiff answered: "Nine dollars a week." She further testified that it was eight months and three weeks after the accident before she was able to move about and attend to her business. The complaint contained no allegation either of loss of earnings, or that plaintiff, who was a married woman, was carrying on business for her sole and separate account, nor that she was allowed by her husband to apply to her own use any wages or earnings in any such separate business. It was therefore error to permit the introduction of such evidence. This precise question has been passed upon in the case of *Mellwitz* v. *Railway Co.*, (Sup.) 17 N. Y. Supp. 112, (recently decided by the general term of this department,) and, in the course of the opinion, Mr. Justice BARRETT says: "The court, against its [the defendants'] objection and exception, admitted evidence as to the plaintiff's loss of earnings. This was an error, for the reason that such damages were not pleaded. *Uransky* v. *Railroad Co.*, 118 N. Y. 304, 23 N. E. Rep. 451. Ordinarily such damages are proved without being specially pleaded, for in the case of a man or a *feme sole* they are the natural and immediate consequences of the injury. Not so, however, in the case of a married woman. She may undoubtedly recover them, but only in case she has, prior to the injury, been engaged in the performance of some labor for her sole and separate use and benefit, or can otherwise show that she is entitled to the fruits of her own labor. In her case they are not the immediate and necessary results of the injury. They result from the additional or special circumstance that she was accustomed to avail herself of her statutory right to work for herself, or that for some other reason she was entitled to the fruits of her own labor. The case cited is directly in point, and must be followed; and the rule there laid down finds force in *Filer* v. *Railroad Co.*, 49 N. Y. 42, where such damages, when claimed by a married woman, were styled 'consequential.'" Upon the trial the learned judge, upon the request of the plaintiff's counsel, to which exception was taken, charged the jury as follows: "That there can be but one recovery by the plaintiff for all damages, present and future, which she may have sustained, and if the jury believe that in consequence of the fracture the plaintiff will continue to suffer recurring pain, they should award her damages for such future suffering, if any."

There being no evidence in the case that the injury would cause future pain, it remains to be determined whether the request as charged was an error. In *Dawson* v. *City of Troy*, (Sup.) 2 N. Y. Supp. 137, which was an action for personal injuries, wherein a similar request was made and excep-

tion taken, the court, in the opinion, says: "In the present case, a doctor testified that she would very likely recover in time. It will probably take until a change in life. This testimony had just that character of probability which the court held improper in the *Strohm Case*, 96 N. Y. 305. But, furthermore, the doctor did not testify that the plaintiff would probably suffer any pain in the future, so that there was really no evidence that she would have further suffering. Whether or not the disease would be painful in the future was a matter, so far as the evidence went, of conjecture, but the court charged, against defendant's request, that, if the jury believed there would be future bodily pain, they might allow for it. The plaintiff testified as to her present pain and suffering, but without evidence that such pain and suffering would continue. We think the jury could not, under the case cited, allow for it." In *Crawford* v. *Railroad Co.*, 55 N. Y. Super. Ct. 255, where no proof way given tending to show that there was any reasonable certainty of future pain and disability, it was held error to submit the question of future pain and future disability with power to award damages therefor. It might be argued from the extent of plaintiff's injury, and the small amount of the verdict, that such a request did no harm, because it must be conceded that if plaintiff, upon the uncontradicted evidence as to the extent of her injuries, was entitled to recover anything, she should have received a much greater award than she was given by the jury in this case. Ordinarily, allowing a jury to speculate, in the absence of evidence as to future pain and suffering, would enhance the damages in cases of this character, and this undoubtedly led the courts to adopt the rule that it is an error of such a character as to justify the setting aside of a verdict. But the fact that, notwithstanding this error, the verdict was not for a much larger amount may be explained by the weakness of plaintiff's case as offset by the number of witnesses who testified against her; thus calling to mind the words of Justice BARCULO, in the case of *Haring* v. *Railroad Co.*, 13 Barb. 15, cited in the *Mellwitz Case*, *supra*: "That we cannot shut our eyes to the fact that in certain controversies between the weak and the strong, between a single individual and a gigantic corporation, the sympathy of the human mind naturally, honestly, and generously runs to the assistance and support of the feeble and apparently oppressed, and that compassion will sometimes exercise over the deliberations of the jury an influence which, however honorable as philanthropists, is wholly inconsistent with the principles of law and the ends of justice." Without, however, as before stated, passing upon the question of whether or not the verdict was against the weight of evidence, we think that, for the errors assigned above, the judgment should be reversed, with costs to the appellant to abide the event. All concur.