testator. Redf. Sur. Prac. 410; Rockwell v. Saunders, 19 Barb. 473; Valentine v. Jackson, 9 Wend. 302; Babcock v. Booth, 2 Hill, 181; Vroom v. Van Horne, 10 Paige, 549; Schultz v. Pulver, 11 Wend. 363. The co-executor French deposes that the said appellant delivered to deponent a memorandum in the handwriting of appellant, and given at the request of deponent, showing the amount of cash on deposit with said Robinson, belonging to the estate of said Isaac E. Hoagland, and a copy of said memorandum is annexed to the affidavit. Moreover, the letters testamentary were issued to the three executors on May 9, 1898, and it appears that on July 28, 1898, the appellant, in answer to a communication from the former attorney of Mr. Hoagland, the testator, who was then the attorney for the estate and for the executors, wrote:

"New York, July 28th, 1898.

"J. Woolsey Shepard, Esq., Dun Building—My Dear Sir: Mr. I. E. Hoagland's total assets on our books at his death was $10,847.68. Total bills which I have against his estate, as near as I can get at it, is $1,409.13. This does not take into consideration any part of his will, nor executors' fees, nor the $250 given to Mrs. Fraser by the girls out of life insurance policy. If this is not what you need, let me know."

Upon the case presented, here were admissions that the appellant held this money as executor. Authority for this conclusion is found in Hutchins v. Hutchins, 18 Misc. Rep. 633, 638, 42 N. Y. Supp. 601; Whiton v. Snyder, 88 N. Y. 299, 307; Davis v. Gallagher, 124 N. Y. 487, 492, 26 N. E. 1045; Wright v. Wright, 72 N. Y. 149; White v. Swain, 3 Pick. 365; Wilson v. Wilson, 17 Ohio St. 150; Miller v. Jones, 26 Ala. 247. The order should be affirmed.

Order of the surrogate's court of the county of Kings affirmed, with $10 costs and disbursements. All concur.

---

KEIFFERT v. NASSAU ELECTRIC R. CO.

(Supreme Court, Appellate Division, Second Department. May 29, 1900.)

1. STREET RAILWAYS—DAMAGES—PLEADING.
    Where a complaint for injuries received in a street-railway accident alleged that, by reason of such injuries, plaintiff had been and would be prevented from attending to his usual vocation, it was proper to allow him to prove that he had been able to earn $11 a week before, and but $9 a week thereafter.

2. SAME—EXCESSIVE DAMAGES.
    Where plaintiff, injured in a street-railway accident, proved that he was able to earn $11 a week before the accident, and but $9 per week thereafter, and that he had sustained a fracture of three ribs, which had resulted in an adhesion permanently limiting his power of respiration and capacity for labor, a verdict for $2,500 was not excessive.

Appeal from trial term, Kings county.

Action by John Keiffert against the Nassau Electric Railroad Company. From a judgment in favor of plaintiff, and from an order denying defendant's motion for a new trial, it appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOOD-WARD, and HIRSCHBERG, JJ.

Charles V. Nellany, for appellant.

Donald Ayres, for respondent.

HIRSCHBERG, J.   The plaintiff, while driving across Central avenue, in Brooklyn, at the corner of Troutman street, on the afternoon of July 30, 1898, was struck by one of the defendant's cars, coming from the direction of Starr street.   The collision occurred on the second track reached by the plaintiff as he was turning to the left, away from the approaching car, intending to proceed on Central avenue between the tracks and the curb.   The defendant offered no evidence.   The plaintiff testified that he looked up and down the tracks before he drove on the first track, and that he also looked in the direction of Starr street before he drove upon the second track.   He then saw the car in question, four or five houses distant from where he was.   It came with unusual speed, and, although he immediately attempted to swing his horses around and off the track, he could not succeed in doing so in time to avoid the collision.   He said:   "The car come fast, and I got no time no more to get out the tracks.   He no stop at all.   He no ring, no bell, no nothing."   The witnesses agree that the car was proceeding with more than the ordinary velocity, and that there was neither warning, nor an attempt to stop.   The case was submitted to the jury under correct instructions, without any exception, and required the conclusion reached by them.

The appellant, however, insists that it was error to permit proof of the rate of wages the plaintiff was receiving at the time of the accident, and prior thereto, and that the verdict rendered was excessive.   Neither point is well taken.   The complaint alleged that by reason of his injuries the plaintiff had been and would be prevented from attending to his usual vocation, and on the trial he proved that he had been able to earn $11 a week before the accident and only $9 a week since.   This was proper.   Ehrgott v. Mayor, etc., 96 N. Y. 264, and cases cited.   I think it would have been proper proof of damages without the allegation in the complaint, but there can be no question as to its propriety where inability to attend to the usual business of the plaintiff is specifically asserted.   The verdict was for $2,500, and as it was uncontroverted that the plaintiff sustained a fracture of three ribs, resulting in an adhesion which will permanently limit his power of respiration, and consequent capacity for labor, it cannot be said that the verdict was excessive.   The judgment and order should be affirmed.

Judgment and order affirmed, with costs.   All concur.