FRANK O'BRIEN, as Administrator of the Estate of THOMAS O'BRIEN, Deceased, Respondent, *v.* STERN BROTHERS, Appellant.

**Master and servant — negligence — pedestrian run over and killed by automobile in charge of defendant's chauffeur.**

A plaintiff cannot recover for the death of his intestate where it appears without contradiction .that, at the time such intestate was run over by defendant's automobile, the chauffeur was not upon the defendant's business or acting within the scope of his employment but was going away from his work and in an opposite direction for a purpose of his own and on an errand for a friend. (*Reilly* v. *Connable*, 214 N. Y. 586, approved and followed.)

*O'Brien* v. *Stern Brothers*, 176 App. Div. 937, reversed.

(Argued March 22, 1918; decided April 23, 1918.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered February 6, 1917, affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Walter L. Glenney* and *Bertrand L. Pettigrew* for appellant. The automobile which collided with respondent's intestate was not engaged in the business of the appellant at the time of the accident, so that appellant was not responsible for the accident. (*Potts* v. *Pardee*, 220 N. Y. 431; *Reilly* v. *Connable*, 214 N. Y. 586; *Lanzer* v. *Read*, 160 App. Div. 584; *Heissenbuttel* v. *Meagher*, 162 App. Div. 752; *Stenzler* v. *Standard G. L. Co.*, 167 N. Y. Supp. 282; *Hartnett* v. *Gryzmish*, 218 Mass. 258.)

*John J. Crennan* for respondent. The question as to whether the chauffeur was acting as an employee of the appellant at the time of the accident was, under the evidence adduced, one of fact for the determination of the jury. This question was submitted to the jury under clear instructions, wherein the learned trial judge clearly defined the question submitted, and the verdict of the jury should not be disturbed. (*Stewart* v. *Baruch*, 103 App. Div. 577; *Cunningham* v. *Castle*, 127 App. Div. 580; *Clark* v. *Buckmobile Co.*, 107 App. Div. 120; *Reilly* v. *Connable*, 214 N. Y. 586; *Siegel* v. *White Co.*, 81 Misc. Rep. 71; *Ferris* v. *Sterling*, 214 N. Y. 252; *Fleischer* v. *Durgin*, 207 Mass. 435.)

CRANE, J. As the affirmance in this case was by a divided court, we are obliged to determine whether there was any evidence upon which to base the recovery for .the plaintiff.

The only point presented is whether at the time of the accident the chauffeur in charge of the defendant's automobile was acting within the scope of his employment.

The law of the case has been fully and completely stated in *Reilly* v. *Connable* (214 N. Y. 586). There the servant was using the master's automobile in procuring supplies

for himself and household, and the court said: " The fact that the automobile was the defendant's did not make him liable. * * * The fact that the chauffeur caused the injuries during the period of his employment does not make the defendant liable. If the employee in doing any act breaks the connection between himself and his employer, the act done under those circumstances is not that of the employer. * * * We hold that the act of the chauffeur in going to the market for the meat was not for the defendant or within the scope of the employment of the chauffeur and the defendant is not liable for his negligence." (p. 590.)

Applying this rule to the facts in this case most favorable to the plaintiff, we fail to discover any ground for the defendant's liability.

On August 19, 1913, one Thomas O'Brien was acting as watchman in the employ of the town of Mamaroneck at an excavation on the Boston Post road between New Rochelle and Larchmont. About seven o'clock on the evening of that day he was run over and killed by the defendant's automobile delivery wagon going from New Rochelle toward Mamaroneck in charge of its chauffeur. The negligence of the chauffeur was proved by an abundance of evidence. At the time, however, he was not acting for the defendant or doing its work, but driving a friend, Philip F. Havey, to the wagon shop of one Tierney on the Boston Post road. Havey was a restaurant keeper in Mount Vernon at whose place Mackin, the chauffeur, had had supper that night. The defendant, Stern Brothers, maintained a delivery route, taking in Mount Vernon, Pelham, Pelham Manor and New Rochelle, and this route was covered by Mackin. On the night in question he had made all his deliveries with the exception of one package for a Mrs. Mellen of 217 Pelhamville avenue, Mount Vernon. She had moved, as he was informed, to 18 Sherwood place, Pel-

ham Manor. Mackin says that after supper he was going to deliver this package to the new address. Instead of doing this, however, he took with him Philip F. Havey, the proprietor of the restaurant, and ran "up through Pelham and up through Pelham Manor to the Boston Post road." He kept straight on up the Boston Post road to the wagon shop of Mr. Tierney in New Rochelle to get some fixtures for. Mr. Havey. The place was closed, so the two kept on up the Boston Post road toward Larchmont and the place of the accident.

That the driver at this time was not upon the defendant's business or acting within the scope of his employment is without contradiction. The only business he had that night for Stern Brothers was the delivery of the package in Pelham Manor. He abandoned this work for the purpose of serving his friend Havey and drove the delivery wagon far beyond Pelham Manor up through New Rochelle and on toward Larchmont. The place where O'Brien was killed was on the Boston Post road between New Rochelle and Larchmont. This place is certain and fixed; so is the direction of the car, which was toward Larchmont. The duties of the chauffeur were all in the opposite direction; Pelham Manor was behind him. He was going away from his work; not engaged in performing it. No circumstance or interest of witnesses can shake these facts, and by reason of them we think it reasonably clear that, at the time O'Brien met his death, Mackin was not doing the work which the defendant had employed him to do, but was driving on a purpose of his own and on an errand for a friend. Under these circumstances the defendant is not liable.

The judgment must be reversed and complaint dismissed, with cost to appellant in all courts.

HISCOCK, Ch. J., CHASE, COLLIN, CUDDEBACK, HOGAN and McLAUGHLIN, JJ., concur.

Judgment reversed, etc.