CAROL N. GARVEY, an Infant, by her Guardian ad Litem, JUSTIN C. GARVEY, et al., Respondents, v. A. O. FEIDELSON, INC., et al., Defendants.— In an action to recover damages for injuries alleged to have been sustained when the infant plaintiff was struck by an automobile owned and operated by defendant Ayer, an employee of the appellant A. O. Feidelson, Inc., judgment as against A. O. Feidelson, Inc., reversed on the law and facts, with costs, and the complaint dismissed on the law, with costs. In our opinion the proof established that at the time the accident happened defendant Ayer was not acting within the scope of his employment, but was engaged in an independent mission of his own. (*Reilly* v. *Connable*, 214 N. Y. 586; *Benevento* v. *Poertner Motor Car Co.*, 235 N. Y. 125; *O'Brien* v. *Stern Brothers*, 223 N. Y. 290; *Rosenberg* v. *Syracuse Newspapers, Inc.*, 248 App. Div. 294, 296, and cases there cited; *Marconi* v. *Becci*, 223 App. Div. 858.) In any event, a new trial would be granted because, in our opinion, the verdict is against the weight of the evidence. Carswell, Acting P. J., Johnston, Adel, Sneed and Wenzel, JJ., concur.

WILLIAM GROBEN, Respondent, v. JOHN J. EDEL, Appellant.— In an action to recover damages for assault, the court awarded plaintiff $6,500, and defendant appeals. Judgment unanimously affirmed, with costs. The proof justified a finding that defendant was guilty of a brutal, wanton and unprovoked assault. He offered no proof to controvert plaintiff's evidence that as a result of such assault plaintiff suffered serious injuries, including a fracture of the skull, and it may not be held that the verdict is excessive. Loss of earnings may be shown under the general allegation of damage and need not be specifically alleged because it is a necessary and direct result of an injury and constitutes a damage which the law implies. (*Keiffert* v. *Nassau Electric R. R. Co.*, 51 App. Div, 301; *Cabot* v. *McKane*, 41 Hun 642, opinion in 1 N. Y. St. Rep. 495; *Hubert* v. *Bedell*, 66 Hun 631, opinion in 21 N. Y. S. 305; *Mellwitz* v. *Manhattan Ry. Co.*, 62 Hun 622, opinion in 17 N. Y. S. 112; 15 Am. Jur., Damages, § 315; 17 C. J., Damages, § 312; 2 Clark, New York Law of Damages, § 773.) Present — Lewis, P. J., Carswell, Johnston, Adel and Sneed, JJ.

BETTY HARLEM, Respondent, v. SAM HARLEM, Appellant.— Appeal from order of the Domestic Relations Court of the City of New York (Family Court Division), County of Kings, made the 29th day of March, 1948, denying appellant's application for a vacation or modification of an order of that court previously made on the 20th day of November, 1947, which order directed him to make certain payments for the support of his "wife" and child. Order of March 29, 1948, reversed on the law and the facts, without costs, and on motion of appellant granted to the extent that the order of November 20, 1947, is vacated and the matter is remitted to the said Domestic Relations Court to hear and determine the amount to be paid by appellant for the support of the child. The respondent's marriage to the appellant was void *ab initio* and forms no basis for a claim by respondent for support. Appeal from the so-called order, actually a memorandum decision, dated February 27, 1948, dismissed, without costs. Lewis, P. J., Johnston, Adel, Sneed and Wenzel, JJ., concur.