Gabrielli, J.
May an employer be cast in liability for the tortious act of an employee committed while driving his automobile for personal reasons, who essentially is on a constant “ on-call ” duty status and who, at times unrelated to the occurrence at issue, might use his automobile in connection with his work? We think the question should be answered in the negative.
Richard Oliver, Jr. was employed as a reporter for the Daily News and in the early morning hours of Saturday, December 20, 1969, while driving his own automobile on the second day of his regularly scheduled two days off from work, he was involved in an accident which resulted in the commencement of these negligence actions. His duties required him to be on call at all times in the event of emergency news matters, but that his regular work week consisted of Sunday through Thursday. Oliver’s work, personnel and expense voucher records as well as the specifics regarding his employment concededly established that he was not on the business of his employer at the time of the occurrence. In fact, and it is undisputed, the accident occurred while he was engaged in his own affairs, quite outside his duties. Plaintiffs respond, however, that if Oliver should become aware of an incident that was newsworthy while driving his car off duty, he would then assume his reportorial duties and, hence, he was thus under the control of the employer at all times. We find no substance to such a claim and hold that summary judgment should have been granted to defendant.
In order to fasten liability in this case, plaintiffs must of necessity rely upon the doctrine of respondeat superior (Sauter v. New York Tribune, 305 N. Y. 442) and we think, as a matter of law, there can be no responsibility here on the part of the employer. He certainly was not driving his auto in any project for or in any manner to satisfy any obligation due his employer. To bring this doctrine into play the employee must be performing some act in furtherance of a duty he owes the employer and *36 where the employer is, or could be, exercising some control, directly or indirectly, over his activity (Becker v. City of New York, 2 N Y 2d 226; Garvey v. A. O. Feidelson, Inc., 273 App. Div. 1018, affd. 298 N. Y. 833). To hold that by being subject to call in case of an emergent need for his services would subject the appellant to liability at a time when the employee was engaged in his own affairs on a regular day off from work, would be patently beyond the scope of the doctrine of respondeat superior (Restatement, 2d, Agency, § 239; 52 ALR 2d 290, 295).
Plaintiffs also advance the theory that additional discovery should be afforded them and they urge that such might unearth a foundation for liability. We take note of the plethora of information requested of and furnished by defendant including the complete employer-employee relationship, the personnel records, work and expense vouchers, and other pertinent data. Hence, we regard the claim for additional discovery to be without, merit.
Accordingly, the order of the Appellate Division should be reversed, the certified question answered in the negative and the complaint dismissed.
Chief Judge Bbeitel and Judges Jases-, Jones, Wachtleb, Rabin and Stevens concur.
Order reversed, with costs, and complaint dismissed as against appellant. Question certified answered in the negative.