Requestor: David Avstreih, Esq., Corporation Counsel City of Mount Vernon City Hall Roosevelt Square Mount Vernon, New York 10550
Written by: Patrick Barnett-Mulligan, Assistant Attorney General
You have asked whether the City of Mount Vernon is obligated to defend and indemnify its city marshals.
Local governments are authorized to provide for the defense and indemnification of their officers and employees. They may utilize the procedure established by section 18 of the Public Officers Law or may provide for defense and indemnification through the enactment of a local law (Municipal Home Rule Law, § 10[1][ii][a][1]). We presume your question is whether, should you provide for defense and indemnification of city officers and employees, you must also cover city marshals.
In the City of Mount Vernon, the position of city marshal is established by the city charter. As the enforcement officer for the city court, the marshal has the power to serve and execute the processes and mandates of the city court. You have informed us that under the city's charter, the duties and responsibilities of the city marshals with regard to exercising judgments are identical to those of the sheriff.
The marshals are appointed by and are supervised by the judges of the city court. They have peace officer status under section 2.10(14)(d) of the Criminal Procedure Law. In addition, you have informed us that the marshals — receive no salary from the city. Office space is provided, but the marshals are responsible for employing their own support staff. These operations are funded by the fees and poundage collected by the marshal in the course of executing judgments, not from the city budget (see CPLR §§ 8012, 8013, 8014). Furthermore, the marshals are not members of any State or local retirement system.
The Court of Appeals has found that city marshals are independent contractors (Matter of Unified Court System, State of New York vRoberts, 58 N.Y.2d 876 [1983]). In Roberts, the Industrial Commissioner assessed the Unified Court System for unemployment insurance benefits which were being paid to New York City marshals whose statutory term of office had expired. The Court, relying on the dissenting opinion of Justice Yesawich in the Appellate Division, concluded that the State was not liable for the unemployment insurance benefits because the city marshals were independent contractors, not employees (Roberts, supra,58 N.Y.2d at 878). As noted by Justice Yesawich in his dissenting opinion, the relationship between a city marshal and the city is unique, and not fairly characterized as "employment":
 "It seems obvious that city marshals who maintain their own offices, employ their own staff, pay their own expenses, set their own schedules, derive their own income from fees, and over whom the state lacks any control whatsoever respecting the manner in which their work is to be performed possess all the classic indicia of independent contractors. To hold otherwise defies reality . . ." (Roberts, 88 A.D.2d at 718).
The Court of Appeals also found:
 "We hold, further, that city marshals are local not state officers (see Public Officers Law, § 2), appointed by the mayor, not paid by the State, and who, if they could be deemed `employees' of any governmental body, would, under the Unified Court Budget Act (Judiciary Law § 39, subd 3, par [c]), remain employees of the city, not of the State" (Roberts, supra, 58 N.Y.2d at 878).
Section 18 of the Public Officers Law establishes standards for the defense and indemnification of officers and employees of municipalities. Section 18 authorizes the governing body to adopt a local law which provides for the defense and indemnification of its "employees" (Public Officers Law, § 18[2]).
Under section 18, the term "employee" is defined broadly:
 "The term `employee' shall mean any commissioner, member of a public board or commission, trustee, director, officer, employee, volunteer expressly authorized to participate in a publicly sponsored volunteer program, or any other person holding a position by election, appointment or employment in the service of a public entity, whether or not compensated . . ." (Public Officers Law, § 18[1][b]).
The section specifically excludes from the definition of employee "the sheriff of any county or an independent contractor" (ibid.). Under the terms of section 18, therefore, the city marshal, as an independent contractor, is not an employee of the city and is not eligible for defense and indemnification. Further, in that a municipality would not control the actions of an independent contractor and would not be liable for his actions on the basis of respondeat superior (see Johnson v DailyNews, 34 N.Y.2d 33 [1974]), generally, it would be inappropriate to provide defense and indemnification to an independent contractor by local law utilizing the authority provided by section 10 of the Municipal Home Rule Law.
Thus, in that the Court of Appeals has found that city marshals are independent contractors, we are constrained to find that a city is not authorized to provide for defense and indemnification of these officers.*
We conclude that Mount Vernon city marshals, not being employees of the city within the meaning of section 18 of the Public Officers Law, are not eligible for defense and indemnification by the city.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.
* Compare with Formal Opinion No. 90-F11 in which we found that the city is responsible for costs of peace officer training for city marshals.