■ WARSON CONSTRUCTION CO., INC., Respondent, v LEONARD SCHLUSSEL, Appellant.—Appeal from a judgment of the Supreme Court, entered January 13, 1978 in Sullivan County, upon a verdict rendered at a Trial Term, in favor of plaintiff. Plaintiff instituted this action to recover for materials and services furnished by it and its predecessor pursuant to an oral agreement with one Alvin Adler, a professional engineer. The land and buildings on which the work was performed were owned by Evans Gardens, Inc. (Evans), a New York corporation of which defendant was president and 50% shareholder. Plaintiff claims that it was led to believe that Adler had entered into the contract on behalf of defendant, individually, and following a jury trial judgment was entered upon a verdict in favor of plaintiff. Defendant appeals, contending that, as a matter of law, the evidence adduced at trial was insufficient to establish that Adler had acted as an agent for defendant. Defendant was called as plaintiff's first witness and testified that when he authorized Adler to hire plaintiff's predecessor to do the work in question, he did so on behalf of Evans. Thereafter, plaintiff's president was permitted to testify that Adler had assured him that he (Adler) represented defendant. Plaintiff's direct examination of Adler was ambiguous, but on cross-examination Adler testified that he knew that Evans owned the land and buildings on which plaintiff was to work and that there was no question in his mind when he requested plaintiff to do the work that he was doing so on behalf of Evans. The documentary evidence of billings and payment contained references to Evans and defendant, as well as other entities, and, therefore, was equivocal. It is apparent from our review of the record that while there is no dispute that Adler contracted with plaintiff on behalf of a principal, the only direct proof that the principal was defendant is the testimony of plaintiff's president that Adler assured him he represented defendant rather than Evans. In light of the general rule that extrajudicial statements of an alleged agent are not admissible to prove the fact of agency *(Mullen v Quinlan & Co.,* 195 NY 109, 115; *Bussing v Lowell Film Prods.,* 233 App Div 493, 495, affd 259 NY 593; Richardson, Evidence [Prince, 10th ed], § 253, p 223; 2 NY Jur, Agency, § 29), this testimony, which clearly sought to establish the existence of a principal-agent relationship between defendant and Adler, was inadmissible, and, since the remaining evidence is not sufficient to establish a prima facie case of such

relationship, there must be a reversal. There is nothing in the record, other than the hearsay testimony of plaintiff's president, to establish that Adler acted on behalf of defendant individually, nor is there any evidence that defendant, through his statements or his conduct, held Adler out as representing defendant individually. One who deals with an agent does so at his own peril (Ford v Unity Hosp., 32 NY2d 464, 472), and, accordingly, once plaintiff realized that Adler was acting as an agent rather than on his own behalf, it was incumbent upon plaintiff to take the necessary steps to ascertain whether Adler acted on behalf of defendant's corporation or defendant individually. Judgment reversed, on the law and the facts, and complaint dismissed, without costs. Mahoney, P. J., Staley, Jr., and Mikoll, JJ., concur.

Greenblott and Herlihy, JJ., dissent and vote to affirm in the following memorandum by Greenblott, J. Greenblott, J. (dissenting). The question presented on this appeal is whether the jury's verdict in favor of the plaintiff was supported by the evidence. In our view, a fact question was presented which could properly have been resolved by the jury in plaintiff's favor. There was ample evidence to support the jury's finding that Adler acted as agent for defendant Leonard Schlussel in Schlussel's personal capacity. On Schlussel's direct testimony, he conceded that Adler was his agent in dealing with the plaintiff. Therefore, the sole remaining question was as to what capacity Schlussel was dealing in—either in his personal capacity or as an officer of Evans Gardens, Inc. In response to the question posed to him by plaintiff's attorney, "did you authorize him [Adler] to hire people to do carpentry for you?" ' Schlussel replied: "In the name of Evan Gardens I asked Mr. Adler to go to the job site to see what work had to be performed to finish these buildings. He in turn reported back and told me there was skirting that was required, some insulation, the anchoring of the buildings, the leveling of the buildings, and based on that, I asked him to go out and get me an estimate of what that work was worth." Thus, there is a statement in the record that Schlussel asked Adler to "go out and get me an estimate of what that work was worth." (Emphasis supplied.) This indicates that Schlussel authorized Adler to work for him in his individual capacity. Furthermore, Schlussel referred to "Evan Gardens" and not "Evans Gardens, Inc.". There is additional evidence in the record indicating that Schlussel was dealing in his individual capacity. Exhibits Nos. 8 and 9 were two checks, each in the amount of $1,000 and signed by Schlussel individually, made out to plaintiff's predecessor to cover work on the job site. Because of this evidence, we are of the view that the jury was presented with a question of fact which it could properly resolve in favor of the plaintiff. We would, therefore, affirm the jury verdict.