■ In the Matter of BROOKFIELD CLOTHES, INC., Appellant, v TANDLER TEXTILES, INC., Respondent. — Judgment, denominated an order, Supreme Court, New York County, entered April 22, 1980, which denied petitioner's application to stay arbitration, dismissed the petition and directed the parties to proceed to arbitration, unanimously modified, on the law and the facts, without costs, to reinstate and grant the petition to the extent of directing a hearing on the issue of the authority of Donald Freeman to enter into a contract providing for arbitration between the parties. Seller, Tandler Textiles, Inc. (Tandler), sought arbitration with respect to the alleged wrongful refusal by purchaser Brookfield Clothes, Inc. (Brookfield), to accept delivery of goods ordered pursuant to a written contract which contains a broad provision for arbitration. The contract was signed on July 12, 1979 on behalf of the purchaser by Donald Freeman, former president of Omni Shirt Co., Inc. (Omni), a subsidiary of Braten Apparel, Inc. (Braten). Brookfield is also a subsidiary of Braten. The contract designates the buyer as "Brookfield Clothes for Omni Shirt Co.". Tandler asserts that it would not have agreed to accept Omni's order on Omni's credit alone. Brookfield contends that Freeman had no authority to pledge its credit for goods ordered by Omni or to agree to arbitrate on behalf of Brookfield. A previous sales agreement signed on Tandler's order form by Freeman listed the buyer as "Omni Shirt Co., Inc., Division of Brookfield Clothes". The goods were shipped to

Omni and the accompanying invoices dated June 1, 1979 were sent to Brookfield and paid by Braten's check. Special Term denied Brookfield's application for a stay of arbitration on the ground that the failure of Brookfield to object to the invoice within a reasonable time after receipt amounted to ratification of Freeman's authority to execute the prior contract and estops Brookfield from challenging Freeman's authority to enter into the sales contract *sub judice*. On appeal, Brookfield contends that Freeman's authority, actual or apparent, was not established and that Brookfield never consented to arbitrate or to waive its rights to sue at law. Tandler argues that the payment of the prior invoice constitutes ratification and demonstrates Freeman's authority to act for Brookfield. Tandler has submitted an affidavit by Freeman swearing he had actual authority to act. Although admissible, such affidavit is not dispositive. The law is well settled that to establish actual or apparent authority the facts leading to that conclusion must emanate from the principal and not from the agent. The representations, declarations or conduct of the agent are not proof of authority *(Ford v Unity Hosp.,* 32 NY2d 464, 472-473; *Warson Constr. Co. v Schlussel,* 68 AD2d 947). It is undisputed that Freeman's statements were the source of Tandler's determination that Freeman was indeed the agent of Brookfield. Tandler's reliance on the payment of the prior invoice to show Freeman's authority is misplaced. Since both Omni and Brookfield were subsidiaries of Braten it cannot be concluded that Braten's payment of the invoice demonstrates authority of Freeman to act on behalf of Brookfield. The payment could have been made on behalf of Omni. Payment of the bill by Braten does not necessarily mean that Braten was paying on behalf of Brookfield; it could be the fact that the bill was paid because Omni was a subsidiary of Braten, just as Brookfield was. It is not without significance that the prior order was signed by Freeman for "Omni Shirt Co., Inc., Division of Brookfield Clothes". However, the subject invoice was signed by Freeman on behalf of "Brookfield Clothes for Omni Shirt Co." The principals appear to be different. The addresses of Brookfield and Omni were different. Milton Braten, secretary of Brookfield and a officer of Braten, swears in an affidavit that Freeman had no authority to act for Brookfield. Only persons who expressly agree to arbitrate can be compelled to do so *(Matter of Marlene Inds. Corp. [Carnac Textiles],* 45 NY2d 327; *Schubtex, Inc. v Allen Snyder, Inc.,* 49 NY2d 1, 5). Since there is a plain dispute as to whether Freeman was acting on behalf of Brookfield or Omni, a hearing is required. Concur — Birns, J. P., Fein, Sullivan, Lupiano and Bloom, JJ.