■ In the Matter of JOSEPH GORESEN, Appellant, v ELIZABETH GALLAGHER, Respondent and Third-Party Petitioner-Respondent; ALEX WILTSE, JR., Third-Party Respondent-Appellant; JOHN GALLAGHER, Third-Party Respondent. — Appeal from an amended judgment of the County Court of Greene County (Zittell, J.), entered November 1, 1982, which, in a proceeding pursuant to RPAPL article 7, directed Joseph Goresen and Alex Wiltse, Jr., to execute a quitclaim deed for certain real property to Elizabeth Gallagher. In 1955, John Gallagher and Elizabeth Gallagher purchased real property located in Cairo, New York, as tenants by the entirety. At all relevant times, Elizabeth Gallagher had continuously occupied that residential property. The Gallaghers separated but did not divorce during the period in question. In March of 1967, John Gallagher was injured in a motor vehicle accident which caused him to miss considerable time from work. He retained attorney Alex Wiltse, Jr., to prosecute an action to recover money damages for his injuries. Before a settlement could be reached, mortgage installments due on the residential property went unpaid. Attorney Wiltse attempted to forestall foreclosure but was unsuccessful. At about the time of the foreclosure, Mr. Gallagher told Mrs. Gallagher that she would not have to leave the residential property because Wiltse had found someone to bid in at the foreclosure sale who would save the house for her. On December 22, 1969, Joseph Goresen, a real estate broker, purchased the residential property at a foreclosure sale for $10,029. He made a $2,529 down payment and financed the balance by borrowing $7,500 and remortgaging the residential property. On or about the same date as the purchase at foreclosure, Goresen orally promised that Mrs. Gallagher would be allowed to reside on the residential property rent free for as long as Mr. Gallagher paid all mortgage payments and taxes. It was expected that when Mr. Gallagher recovered on his accident claim, he would pay Goresen for all

expenses incurred in return for legal title to the residential premises. The accident settlement was realized but there were insufficient funds recovered to fully pay all moneys owing to Goresen and Wiltse. Other property conveyances and financial arrangements took place and eventually Goresen sought legal action to evict Mrs. Gallagher from the marital residence. On September 28, 1976, Goresen initiated a summary proceeding under RPAPL article 7 to recover possession of the residential property purchased by him at the foreclosure sale. Mrs. Gallagher counterclaimed (denominated a third-party action by the parties) against Goresen and commenced a third-party action against Alex Wiltse, Jr., and Mr. Gallagher seeking to impose a constructive trust on the residential property for her benefit on the ground that Goresen and Wiltse had allegedly defrauded her of an equitable interest in that property. Following a trial, County Court permitted Mrs. Gallagher to amend her pleadings to conform to the proof and assert a claim as a third-party beneficiary of a contract between Goresen and John Gallagher. In a decision dated December 18, 1978, County Court ruled that a third-party beneficiary contract existed and that Goresen and Wiltse held title to the residential premises, subject to the lien of a mortgage, as trustees for the benefit of Mrs. Gallagher. Goresen and Wiltse were directed to execute a quitclaim deed to Mrs. Gallagher upon her payment to them of any unreimbursed expenditures related to the residential property. Mrs. Gallagher was also directed to pay the costs necessary to perfect title in the *cestui que trust.* Subsequent to a stipulation that the amount of any unreimbursed expenditures should be determined by the court, a posttrial hearing was held. Thereafter, on September 30, 1982, County Court issued an amended decision which incorporated and modified its December 18, 1978 decision. Since the posttrial hearing disclosed for the first time that John Gallagher, Goresen and Wiltse had defrauded Elizabeth Gallagher by inducing her to convey a certain parcel of real property (not the residential property) to them without her knowledge, County Court deleted the provision that Mrs. Gallagher reimburse Goresen and Wiltse, and further required them to pay her attorney's fees in the sum of $3,685. This appeal by Goresen and Wiltse followed. Appellants herein first contend that the trial court erred in finding that Mrs. Gallagher was a third-party beneficiary of a contract between Wiltse, Goresen and John Gallagher. They argue that the evidence was insufficient to support such a finding. We disagree. It has been long established that a third party may sue as a beneficiary on a contract made for her benefit (*Lawrence v Fox,* 20 NY 268; *Drake v Drake,* 89 AD2d 207, 209). An intent to benefit the third party must be shown (see *Port Chester Elec. Constr. Corp. v Atlas,* 40 NY2d 652, 655). Absent such intent, the third party is merely an incidental beneficiary with no right to enforce the particular contract (*Associated Flour Haulers & Warehousemen v Hoffman,* 282 NY 173, 180; *Flemington Nat. Bank & Trust Co. v Domler Leasing Corp.,* 65 AD2d 29, 33, affd 48 NY2d 678). A review of the record indicates that there is ample evidence to support County Court's finding that promisor Goresen and promisee Gallagher entered into a contract with the intent to benefit the third-party beneficiary, Mrs. Gallagher. Goresen, the holder of legal title to the residential property as of December 22, 1969, expressly agreed with Mr. Gallagher that Mrs. Gallagher and the Gallagher children would not be removed therefrom so long as Mr. Gallagher paid the mortgage debt and the taxes. This much is indeed admitted in Goresen's pleadings. The proof also permits the finding that there was a continuing obligation on Goresen's part to reconvey the residential property to the Gallaghers when Mr. Gallagher paid Goresen his unreimbursed expenses. Goresen's claim that he was excused from performance of the third-party beneficiary contract since Mr. Gallagher, as a promisee, breached the contract in 1976 by stopping mortgage and tax pay-

ments is rejected. This argument overlooks the fact that the trial court properly found that Goresen, Wiltse and Mr. Gallagher had defrauded Mrs. Gallagher of her property in 1970 before any breach by Mr. Gallagher. Appellants' contention that the County Court erroneously imposed a constructive trust on the residential property for the benefit of Mrs. Gallagher is unpersuasive. There are four requirements for the imposition of a constructive trust: "(1) a confidential or fiduciary relation, (2) a promise, (3) a transfer in reliance thereon and (4) unjust enrichment" (*Sharp v Kosmalski,* 40 NY2d 119, 121). The evidence supports the trial court's finding that all of the elements of a constructive trust were present here, including fraud. It is significant that the proof established that Goresen acquired and held the residential property with the understanding that Mrs. Gallagher could continue to reside there and that such property would be reconveyed to the Gallaghers upon his reimbursement. He not only was reimbursed for expenses but also profited from ownership of the residential property. Goresen, therefore, should not in good conscience be allowed to retain the residential premises (see *Simonds v Simonds,* 45 NY2d 233, 242). Moreover, at the posttrial hearing it was shown that Mr. Gallagher, Goresen and Wiltse induced Mrs. Gallagher to convey additional property to Goresen without her knowledge. They then sold the property without her knowledge. This activity established that they had defrauded her. Appellants' claim that Goresen was prejudiced by County Court's action in granting Mrs. Gallagher's motion to amend the pleadings to conform to the proof is without merit. Here, there was part performance of the oral contract and the Statute of Frauds is not a defense in a contract action where there had been such part performance (see *Gracie Sq. Realty Corp. v Choice Realty Corp.,* 305 NY 271). Finally, appellants' argument that County Court erroneously awarded Mrs. Gallagher counsel fees of $3,685 is well taken. Pursuant to CPLR 8303 (subd [a], par 2), a trial court may make an additional award (within limits) to any party to a difficult or extraordinary case. However, with respect to counsel fees, absent express contractual or statutory authority for their recovery, such fees should not be awarded under the guise of an additional allowance pursuant to CPLR 8303 (*Tucker v Toia,* 64 AD2d 826). The judgment, as amended, should be modified by reversing so much thereof as awarded attorney's fees, and, as so modified, affirmed. Amended judgment modified, on the law and the facts, by reversing so much thereof as awarded attorney's fees, and, as so modified, affirmed, with costs to respondent Elizabeth Gallagher. Mahoney, P. J., Main, Mikoll, Weiss and Levine, JJ., concur.