■ In the Matter of JOSEPH GORESEN, Petitioner, v ELIZABETH GALLAGHER, Respondent and Third-Party Petitioner-Respondent. ALEX WILTSE, JR., et al., Third-Party Respondents; COUNTY OF GREENE, Appellant. — Main, J. P. Appeal from an order of the County Court of Greene County (Zittell, J.), entered April 19, 1984, which ordered Greene County to pay counsel fees incurred on behalf of respondent Elizabeth Gallagher, who had proceeded in the underlying proceeding as a poor person with assigned counsel.

When this matter was previously before this court (97 AD2d 626, lv denied 61 NY2d 602), we affirmed so much of the amended judgment as required Joseph Gallagher and Alex Wiltse, Jr., to execute a quitclaim deed for certain real property to Elizabeth Gallagher and reversed so much thereof as awarded counsel fees to Mrs. Gallagher's attorney, who had been assigned because of her status as a poor person. Thereafter, by order to show cause, Mrs. Gallagher sought an order pursuant to CPLR 1102 requiring Greene County to pay a reasonable fee to her attorney. County Court ordered Greene County to pay Mrs. Gallagher's counsel fees and the County appeals.

We recognize the distinguished service provided by attorney James F. Keefe, Mrs. Gallagher's assigned counsel. His perseverance through many years of sensitive litigation resulted in a favorable disposition toward his client, who, without assigned counsel, might not have been successful. Nonetheless, we find no authority for County Court's award of compensation to attorney Keefe from Greene County. CPLR 1102 (d) provides that a court may direct a poor person to pay from a recovery a reasonable sum for his attorney's service. County Court directed that the counsel fees be paid not from a recovery, but by Greene County; such is simply not authorized.

Order reversed, on the law, without costs, and award of counsel fees to be paid by Greene County vacated. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.