■ Mary A. Vangersky et al., Respondents, v Sean Moogan, Respondent, and Martin Stampler, Doing Business as Canarsie Animal Hospital, Appellant. (And a Third-Party Action.)—In an action to recover damages for personal injuries, etc., the defendant Martin Stampler, doing business as Canarsie Animal Hospital, appeals from an order of the Supreme Court, Kings County (Hurowitz, J.), dated March 3, 1986, which denied his motion for summary judgment dismissing the complaint insofar as it is asserted against him and the cross claim of the defendant Moogan against him.

Ordered that the order is reversed, on the law, with one bill of costs, the motion is granted, and the plaintiff's action insofar as it is asserted against the defendant Moogan is severed.

On April 11, 1983, at approximately 5:15 P.M., plaintiff Mary Ann Vangersky allegedly sustained personal injuries when an automobile owned and operated by the defendant Sean Moogan collided into the rear of her vehicle, which had been stopped at a red traffic light at the intersection of Flatlands

Avenue and East 55th Street. The defendant Martin Stampler, a veterinarian doing business under the name Canarsie Animal Hospital, employed Sean Moogan as a kennel man and animal handler at the hospital. After issue was joined and the depositions of these parties had been conducted, Stampler moved for summary judgment dismissing the complaint insofar as it is asserted against him and dismissing Moogan's cross claim against him.

An employer may not be held liable under the doctrine of respondeat superior for the negligent act of an employee, committed while the employee was driving his motor vehicle after normal working hours, for personal reasons (see, *Johnson v Daily News*, 34 NY2d 33). The admissible evidence proferred by the defendant Stampler in support of his summary judgment motion established that Canarsie Animal Hospital does not furnish transportation services for owners of sick pets and it was not one of Moogan's employment duties to transport, in his automobile, sick animals to and from the animal hospital. On the date of the accident, Moogan had received a telephone call from a friend, requesting him to look at his friend's sick dog and, if treatment was needed, to transport the animal to Canarsie Animal Hospital. The call was received after Moogan's regular work hours and while Moogan was in his apartment, located above the animal hospital. The accident occurred while Moogan was on route to his friend's house.

The only direct proof that Moogan was acting within the scope of his employment was an extrajudicial statement, purportedly made by Moogan to Mrs. Vangersky while exchanging licenses and information at the scene of the accident, that Moogan was on an emergency call for Canarsie Animal Hospital on behalf of the sick dog. This extrajudicial statement by Moogan is not admissible against Stampler under the admission exception to the hearsay rule, for the purpose of establishing that Moogan was performing a duty owed to his employer at the time of the accident (see, *Loschiavo v Port Auth.*, 58 NY2d 1040, affg 86 AD2d 624; *Warson Constr. Co. v Schlussel*, 68 AD2d 947; Richardson, Evidence § 253 [Prince 10th ed]). Nor have the plaintiffs demonstrated the admissibility of this statement under any other exception to the hearsay rule.

Where the moving party has demonstrated his entitlement to summary judgment, as in this case, the party opposing the motion must demonstrate, by admissible evidence, the existence of a factual issue requiring a trial of the action or tender an acceptable excuse for her failure to do so. The

submission of inadmissible hearsay does not satisfy this requirement *(see, Zuckerman v City of New York,* 49 NY2d 557; *cf., Warson Constr. Co. v Schlussel, supra).* Accordingly, the defendant Stampler's motion for summary judgment is granted. Bracken, J. P., Rubin, Sullivan and Harwood, JJ., concur.