LEGAL AID SOCIETY OF NORTHEASTERN NEW YORK, INC., et al., Appellants, v ECONOMIC OPPORTUNITY COMMISSION OF NAS-SAU COUNTY, INC., et al., Respondents.

Third Department, November 25, 1987

**APPEARANCES OF COUNSEL**

*B. Robert Piller (Charles J. Brennan* of counsel), for appellants.

*Tabner & Laudato (William F. Ryan, Jr., and John W. Tabner* of counsel), for respondents.

### OPINION OF THE COURT

MAHONEY, P. J.

In January 1981, defendant Economic Opportunity Commission of Nassau County, Inc. (hereinafter EOC) entered into a grant agreement with the United States Community Services Administration (hereinafter CSA) whereby CSA agreed to provide EOC with $100,000 for the operation of a one-year "Energy Support Program" to protect the interests of New York's low-income energy consumers in proceedings before the State Public Service Commission and the Power Authority of the State of New York. The agreement stated that defendant New York State Alliance of Community Action Programs, Inc. (hereinafter Alliance) would be responsible for implementing the $100,000 program.

Pursuant to the grant agreement, EOC and Alliance agreed to enter into a contract with a legal services institution to provide no less than 375 hours of "energy reform and advocacy" to low-income residents of New York; $20,000 of the $100,000 grant was allocated for this purpose. Plaintiff Legal Aid Society of Northeastern New York, Inc. (hereinafter Legal Aid) alleges that Alliance entered into an oral contract with plaintiff Public Utility Law Project (hereinafter PULP), a project within the corporate body of Legal Aid, as the legal services agency to provide the services described in the grant agreement. Plaintiffs state that, in reliance on the oral contract, PULP performed legal services. Plaintiffs thus demanded payment of $20,000 from Alliance, but no payment was received.

Plaintiffs commenced this action against defendants, setting forth causes of action alleging breach of contract, account stated, quantum meruit, third-party beneficiary and intentional misallocation of Federal funds. A jury trial was held. At the close of plaintiffs' evidence, Supreme Court granted defendants' motion dismissing all five causes of action pursuant to CPLR 4401. This appeal ensued.

The correctness of a dismissal of a complaint pursuant to CPLR 4401 depends upon "whether there was any rational basis on which a jury could have found for plaintiffs, the plaintiffs being entitled to every favorable inference which could reasonably be drawn from the evidence submitted by

them" *(Rhabb v New York City Hous. Auth.,* 41 NY2d 200, 202; *see, Parvi v City of Kingston,* 41 NY2d 553, 554).

While Supreme Court dismissed plaintiffs' entire complaint, plaintiffs' brief on appeal only addresses 3 of the 5 causes of action which were dismissed.\* Their first argument concerns the dismissal of the breach of contract cause of action. Plaintiffs contend that Supreme Court erred when it found a lack of proof on the issue of whether the Alliance representative who allegedly dealt with PULP had the authority to contract on defendants' behalf. We disagree. The record shows that in February 1981, Rose Brown, Alliance's representative, had several conversations with PULP's director and general counsel. At trial, however, plaintiffs failed to introduce any proof of Brown's authority to contract on Alliance's behalf. Brown was unavailable to testify. Therefore, while testimony was received concerning Brown's negotiations with PULP, plaintiffs failed to produce any connecting evidence of Brown's authority. Further, plaintiffs' reliance on what they characterize as Brown's "apparent authority" to contract for Alliance is misplaced. When a party deals with an agent he does so at his peril, and must make the necessary effort to discover the actual scope of authority *(Ford v Unity Hosp.,* 32 NY2d 464, 472; *see, Warson Constr. Co. v Schlussel,* 68 AD2d 947, 948). In any event, a third party can invoke the doctrine of apparent authority only when the words or conduct of the *principal,* communicated to the third party, have caused the third party to believe that an agent has authority to contract on the principal's behalf *(Melstein v Schmid Labs.,* 116 AD2d 632, 634). Here, there was no evidence that Alliance caused plaintiffs to rely upon Brown's "apparent authority". Moreover, B. Robert Piller, PULP's director and general counsel and the individual with whom Brown had several conversations concerning a possible contract, admitted that he never inquired about the scope of Brown's authority. Finally, even assuming that Brown had authority, the record is void of any competent evidence of offer or acceptance. This court recently stated that a breach of contract cause of action is properly dismissed under CPLR 4401 when there is no proof of the terms of any agreement between the parties *(Salzman v Rosell,* 129 AD2d 833).

---

\* Since plaintiffs have failed to advance any arguments in support of their causes of action for fraud and account stated, we consider those causes of action to have been abandoned.

We also reject plaintiffs' argument that they should be able to enforce the contract between CSA and EOC (i.e., the grant agreement) as third-party beneficiaries of that contract. Specifically, plaintiffs seek to enforce that part of the grant agreement which allocated $20,000 to the designated legal services organization. Here, plaintiffs submitted no proof that PULP was an intended beneficiary of the CSA-EOC contract. The grant agreement merely required that, as a condition to receiving the $100,000, Alliance obtain the assistance of a legal services institution. Alliance was free to contract with the legal representative of its choice. Even if we were to assume the existence of a contract between PULP and Alliance, PULP was, at most, an incidental beneficiary of the CSA-EOC grant agreement. As such, plaintiffs have no right to enforce the CSA-EOC contract *(see, Braten v Bankers Trust Co.,* 60 NY2d 155, 163-164; *Matter of Goresen v Gallagher,* 97 AD2d 626, 627, *lv denied* 61 NY2d 602).

Finally, we also conclude that Supreme Court properly dismissed plaintiffs' quantum meruit cause of action. To recover on this ground, a plaintiff must prove, by convincing and satisfactory evidence, that services were performed in good faith and accepted by the person to whom they were rendered *(Umscheid v Simnacher,* 106 AD2d 380). At trial, plaintiffs offered no proof concerning PULP's alleged rendition of services or Alliance's acceptance thereof.

Kane, Casey, Weiss and Levine, JJ., concur.

Judgment affirmed, with costs.