■ GEORGE F. HOYSRADT, Respondent, v NILLES FORD-MERCURY, INC., Appellant.—Harvey, J. Appeals (1) from a judgment of the County Court of Madison County (O'Brien, III, J.), entered February 6, 1990, upon a decision of the court in favor of plaintiff, and (2) from an order of said court, entered February 6, 1990, which awarded plaintiff counsel fees.

On March 9, 1988, plaintiff purchased a used 1981 Pontiac station wagon from defendant for $3,514.94. At the time of the sale, plaintiff was given a limited warranty which stated, among other things, that a purchaser must, in the event of a failure of a warranted part, "notify the Selling Dealer within the applicable warranty period * * * and deliver the vehicle to [the] Selling Dealer's address * * * or to such other location as [the] Selling Dealer may reasonably designate". Thereafter, on March 20, 1988, the car broke down and became inoperable while plaintiff's wife was driving the vehicle through Pennsylvania. According to plaintiff's wife, she called defendant's president, Francis Nilles, the next day and he told her that since it would be too expensive to tow the car back to New York, he would try to find someone to repair it where it was. Nilles then called back and told plaintiff's wife that Best Ford,

managed by Jack Trotsky, would repair the car. Plaintiff's wife testified that she believed from this conversation that defendant was to pay for the repairs since the "car was under warranty and I thought that we would be able to have it repaired under warranty as long as [Nilles] referred us. He made the arrangements with Mr. Trotsky and told me whom to contact." According to Nilles, however, there was no understanding that defendant was responsible for the repairs. Nilles testified that he told plaintiff's wife that she could either bring the car back to his dealership at her own expense or have it fixed where she was and pay for it herself, whichever was less.

In any event, the car was repaired by Best Ford at a cost of $1,096.63, which plaintiff had to pay since defendant refused. Plaintiff managed to have the car driven back to New York, but when his son-in-law tried once more to drive through Pennsylvania it broke down again in the same vicinity as it had the first time. The estimated cost for the repairs this time was $1,800 to $2,800. Plaintiff declined to have the work performed and the car apparently remains disabled in Pennsylvania. Plaintiff then commenced this action alleging breach of an express warranty. Following a nonjury trial, County Court found in favor of plaintiff, awarding damages, counsel fees and costs totaling $6,642.07. This appeal by defendant followed.

Initially, defendant contends that the trial testimony does not support County Court's finding that defendant designated Best Ford as its agent to make the repairs to plaintiff's car. We disagree with this assertion. Agency may be established by conduct or written or oral contract (see, Edwards v North Am. Van Lines, 129 AD2d 869; Heine v Papp, 97 AD2d 929). An agency relationship established by conduct may be a creation of agency by apparent authority. Such an agency is established by words or conduct of a principal, communicated to a third party, that gives rise to an appearance and reasonable belief by the third party that an agency has been created and the agent possesses the authority to enter into a transaction (see, Legal Aid Socy. v Economic Opportunity Commn., 132 AD2d 113, 115; Empire Communications Consultants v Pay TV, 126 AD2d 598, appeal dismissed 69 NY2d 1037, lv denied 74 NY2d 614; see also, Restatement [Second] of Agency § 8). Such apparent authority may exist even if the principal did not actually subjectively intend to create an agency relationship as long as the third party's reliance upon the principal's statement or conduct is reasonable.

Here, it is apparent that the testimony of plaintiff and his

wife, as well as the surrounding circumstances, sufficiently support County Court's finding. For instance, the car was under a warranty, the express terms of which allowed defendant to authorize a third party to repair the car. Upon being contacted about the condition of the car, Nilles searched for and contacted another dealer, Best Ford, to do the work. Plaintiff's wife testified that Nilles had told her that *he* would try to find someone to repair the car. Under these circumstances, it was eminently reasonable for plaintiff to believe that Nilles would assume full responsibility for the repairs and had authorized Best Ford, as defendant's agent in fulfilling defendant's obligation to act pursuant to the warranty, to make the repairs.

Defendant's remaining contentions have been examined and are either meritless or do not need to be reached because of our conclusions in this matter.

Judgment and order affirmed, with costs. Kane, J. P., Casey, Levine, Mercure and Harvey, JJ., concur.