OPINION OF THE COURT
Howard Miller, J.
It is ordered that the motion by defendant for summary *254 judgment is granted, with costs and disbursements to defendant.
On April 24, 1991, defendant purchased a 1986 Lincoln town car from Tri-County Auto Group, Inc. for $8,093. The purchase agreement provided a "30 day interest free finance.” Defendant also executed two retail installment contracts — one with Key Bank and one with plaintiff — as security for the purchase. The contracts were not to be processed during the 30-day interest-free period. On May 15, 1991 defendant paid the entire balance due on the car to Tri-County.
Tri-County assigned the GMAC installment contract to plaintiff on or about April 30, 1991. After receiving payment in full, Tri-County, rather than forwarding such payment to plaintiff, began to make monthly payments under the installment contract to GMAC. After making four payments, TriCounty became insolvent and plaintiff now seeks to hold defendant liable for the balance due on the installment contract.
It is defendant’s position that payment to Tri-County constituted payment to plaintiff. Plaintiff denies that Tri-County was its agent for purposes of collecting payment.
The sole issue to be determined by this court is whether TriCounty was clothed with actual, apparent or implied authority to receive payment from the defendant, since it is undisputed that defendant paid Tri-County and that Tri-County did not pay plaintiff.
1. Actual Authority. Payment made to an agent having authority to receive or collect is payment to the principal (3 NY Jur 2d, Agency, § 246); however, payment to an agent not authorized to collect does not discharge the obligation (2 NY Jur 2d, Agency, § 121, citing Crane v Gruenewald, 120 NY 274; Brewster v Carnes, 103 NY 556). Plaintiff’s customer relations supervisor, Jeffrey Boldrin, testified at his examination before trial, and conceded in his affidavit on this motion, that from time to time customers would take cash to a dealership and the dealership would then send out a check to GMAC to pay off the entire vehicle. Thus plaintiff concedes Tri-County’s authority to collect payment, but alleges that despite this authority, the customer’s account is credited when payment is received, not when it is given to the dealer. There is no indication whatever that this practice was ever communicated to defendant. The authority of an agent cannot be secretly limited by his principal so as to affect a third party *255 dealing with such agent in ignorance of the limitation (Property Advisory Group v Bevona, 718 F Supp 209, citing Strip Clean Floor Refinishing v New York Dist. Council No. 9 Bhd. of Painters, 333 F Supp 385).
2. Apparent Authority. When a party deals with an agent he does so at his peril, and must make the necessary effort to discover the actual scope of his authority (Legal Aid Socy. v Economic Opportunity Commn., 132 AD2d 113; Ford v Unity Hosp., 32 NY2d 464; see, Warson Constr. Co. v Schlussel, 68 AD2d 947). A third party may not invoke the doctrine of apparent authority of an agent unless words or conduct of the principal communicated to the third party caused the third party to believe in the agent’s authority (Legal Aid Socy. v Economic Opportunity Commn., supra; Melstein v Schmid Labs., 116 AD2d 632) and relied thereon (Hoysradt v Nilles Ford-Mercury, 168 AD2d 824). However, apparent authority may arise without any contact between the principal and the third party (Property Advisory Group v Bevona, supra, at 211), particularly where the principal has voluntarily placed the agent "in such a situation that a person of ordinary prudence conversant with business usages and the nature of the particular businesses is justified in assuming that such agent has authority to perform a particular act” (E.F. Hutton & Co. v First Fla. Sec., 654 F Supp 1132). Here, defendant purchased the vehicle from Tri-County and, within the 30-day interest-free period, paid Tri-County in full for the vehicle. Whether or not defendant was aware that Tri-County had assigned the installment contract to plaintiff is immaterial, since TriCounty, by the testimony of plaintiff’s witness, had apparent authority to accept payment on GMAC’s behalf.
3. Implied Authority. The authority of an agent to collect payment may be implied if the payment is incidental to the agency transaction, usually accompanies it, or is a reasonably necessary means for effectuating the main authority conferred (2 NY Jur 2d, Agency, § 121, and cases cited therein). It was not unreasonable for defendant to conclude that Tri-County, as the selling dealership, was authorized to receive payment for the vehicle. No warnings or inconsistent circumstances existed which would have alerted defendant to the fact that Tri-County did not have authority to collect payment for the vehicle (Property Advisory Group v Bevona, supra). It cannot be said, therefore, that defendant’s payment to Tri-County so departed from propriety that it was patently of an unusual nature (see, National Union Fire Ins. Co. v C.P.P. Ins. Agency, *256 563 F Supp 1216; accord, UA-Columbia Cablevision v Fraken Bldrs., 96 AD2d 509).
The court finds that Tri-County had actual, apparent and implied authority to receive payment for the vehicle, and by making payment to Tri-County, defendant discharged its debt to plaintiff.