■ MARC JONAS, Respondent, v FAITH PROPERTIES, INC., Doing Business as COLDWELL BANKER FAITH PROPERTIES, et al.,

Appellants. [634 NYS2d 323] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Defendant Faith Properties, Inc. (Faith Properties), a real estate brokerage firm, listed Riverside School of Aeronautics for sale in 1987-1988. Alex and Kathleen Guerino became interested in purchasing the business and hired plaintiff, an attorney, as their attorney/real estate broker to negotiate its purchase. Plaintiff negotiated with defendant Patrick McCann, a real estate broker with Faith Properties. On March 18, 1988, the Guerinos entered into an agreement to purchase Riverside School. The purchase agreement provided that the real estate commissions would be split between defendants and plaintiff. A dispute concerning the commissions was settled and the parties entered into a settlement agreement on July 22, 1988. Defendants also executed a general release, releasing all claims against plaintiff in connection with the sale.

Thereafter, on October 24, 1988, McCann wrote a letter on Faith Properties' stationery to the Grievance Committee of the Oneida County Bar Association "to register a formal complaint against a member of the Bar Association, Marc Jonas". The letter was signed by McCann and copies were sent to the Fifth Judicial District Grievance Committee, the Secretary of State, the Client Security Fund, the Greater Utica Board of Realtors, and the Oneida County District Attorney. The letter generally accused plaintiff of improper conduct with respect to the commissions from the sale of Riverside School.

Plaintiff commenced this action against defendants, alleging causes of action for libel, injurious falsehood and prima facie tort and a fourth cause of action against Faith Properties based upon its liability as McCann's employer. The statements alleged to be libelous are that "[plaintiff's] behavior was totally unethical and dishonest, and he used his knowledge and skills as an attorney not to do what was right, but to do what he could get away with"; "[j]ust to emphasize this point, look at paragraph 19 [of the purchase agreement] and look at the interest rate he wanted to charge Mr. Newell [seller of Riverside School] for financing the commissions 18%! Loan sharks don't get 18%"; "through no stretch of the imagination was [plaintiff] entitled to a commission * * * Unfortunately[,] because he was willing to use his law background in an unscrupulous manner, we were forced to pay. He was like a hijacker who knew how to get on board * * * [A] man like this is [a] blight on the legal profession."

Thereafter, defendants separately moved for summary judgment dismissing the complaint. Supreme Court denied both motions.

The court should have granted Faith Properties summary judgment dismissing the complaint. There is no evidence that McCann was an employee or agent of Faith Properties. The complaint does not so allege and, in response to the motion of Faith Properties for summary judgment, plaintiff made no showing that McCann was under the supervision or control of Faith Properties or that Faith Properties authorized, directed or ratified McCann's conduct. Even assuming an employment relationship, there is no evidence that McCann was acting within the scope of his employment in writing the letter *(see, Vangersky v Moogan,* 128 AD2d 699, 700). An employer may be held responsible under respondeat superior where "the employee [is] performing some act in furtherance of a duty he owes the employer and where the employer is, or could be, exercising some control, either directly or indirectly over his activity [citations omitted]" *(Johnson v Daily News,* 34 NY2d 33, 35). There is no support in the record for the conclusion that Faith Properties is responsible for McCann's conduct or that McCann was acting within the scope of his employment, and plaintiff failed to create a triable issue of fact in response to the evidence presented by defendants *(see, Island Associated Coop. v Hartmann,* 118 AD2d 830; *Ogust v Institute for Pub. Serv.,* 216 App Div 118).

The court properly denied that part of the motion of McCann for summary judgment dismissing the libel cause of action against him. The alleged libelous statements, when considered in context, are not pure opinion; a reasonable reader could conclude that those statements conveyed the fact that plaintiff had engaged in deception and coercion to obtain commissions from defendants to which he was not entitled *(see, Gross v New York Times Co.,* 82 NY2d 146, 152-154). The further contention that the cause of action for libel should have been dismissed for failure to meet the specificity requirement in CPLR 3016 (a) is raised for the first time on appeal and is thus not preserved for our review. In any event, that contention lacks merit.

The court properly determined that the letter's publication to the Oneida County Bar Association Grievance Committee and the Fifth Judicial District Grievance Committee has an absolute privilege *(see, Wiener v Weintraub,* 22 NY2d 330; *Affiliated Credit Adjusters v Carlucci & Legum,* 124 AD2d 768). Publication to the Clients' Security Fund has an absolute priv-

ilege when a claim is presented against the Fund *(see, Schettino v Alter,* 140 AD2d 600, 601-602), and the court properly determined that there was an issue of fact whether McCann was presenting a claim in sending the Fund a copy of the letter. The court also properly determined that publication to the Oneida County District Attorney *(see, Toker v Pollak,* 44 NY2d 211, 220-221) and to the Secretary of State *(see, Shapiro v Health Ins. Plan,* 7 NY2d 56, 60) has a qualified privilege. The court's determination that the publication to the Greater Utica Board of Realtors has a qualified privilege may not now be challenged by plaintiff because of his failure to appeal from that determination. Finally, we reject the contention that, regardless of whether the publication to the Oneida County District Attorney, the Secretary of State and the Greater Utica Board of Realtors has a qualified privilege, plaintiff, nevertheless, failed to create a triable issue of fact that publication was made with common-law malice *(see, Liberman v Gelstein,* 80 NY2d 429). The publication, made in disregard of the settlement agreement and release, is sufficient to raise an issue of fact whether it was motivated solely by spite or ill will.

In light of plaintiff's failure to allege "any legally protected property interest" *(Miller v Richman,* 184 AD2d 191, 194), and to allege special damages with particularity *(see, L.W.C. Agency v St. Paul Fire & Mar. Ins. Co.,* 125 AD2d 371, 373; *Penn-Ohio Steel Corp. v Allis-Chalmers Mfg. Co.,* 7 AD2d 441, 445), the court erred in denying that part of the motion of McCann for summary judgment dismissing plaintiff's cause of action for injurious falsehood against him.

The court also should have granted that part of the motion of McCann for summary judgment dismissing plaintiff's cause of action for prima facie tort against him. Although there may be an issue of fact whether the publication was solely motivated by the malevolent desire to injure plaintiff *(see, Burns Jackson Miller Summit & Spitzer v Lindner,* 59 NY2d 314, 333), plaintiff failed to set forth his special damages with particularity *(see, Curiano v Suozzi,* 63 NY2d 113, 117; *Patane v Griffin,* 164 AD2d 192, 196, *lv denied* 77 NY2d 810).

We modify the order on appeal, therefore, by granting that part of the motion of McCann for summary judgment dismissing the injurious falsehood and prima facie tort causes of action against him and by granting the motion of Faith Properties for summary judgment dismissing the complaint against it. (Appeals from Order of Supreme Court, Oneida County, Grow, J.—Summary Judgment.) Present—Denman, P. J., Green, Wesley, Balio and Boehm, JJ.