STEVEN M. COHEN, ESQ., et al., Respondents, v ALLIED FIRE PROTECTION SYSTEMS, INC., et al., Appellants. (Appeal No. 1.) [834 NYS2d 789]—

Appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered April 12, 2006. The order, among other things, denied defendants' motion for leave to reargue, dismissal of the complaint and summary judgment.

It is hereby ordered that said appeal from the order insofar as it concerns leave to reargue and the first cause of action be and the same hereby is unanimously dismissed and the order is modified on the law by granting the motion in part and dismissing the second cause of action and as modified the order is affirmed without costs.

Memorandum: Plaintiffs at one time represented a third party that had business dealings with defendant Allied Fire Protection Systems, Inc. (Allied), whose president and sole shareholder is defendant Gary R. Lynn. During the course of plaintiffs' representation of that third party, defendants allegedly lost a substantial amount of money. Allied, through Lynn as its president and sole shareholder, commenced an action against plaintiffs, asserting causes of action for, inter alia, legal malpractice and fraud, and we affirmed the order dismissing the amended complaint in that action (*Allied Fire Protection Sys. v Cohen* [appeal No. 2], 1 AD3d 879 [2003]). Lynn also filed a grievance against plaintiff Steven M. Cohen, Esq. with the Attorney Grievance Committee (AGC), but the AGC found that most of the allegations were not substantiated.

Plaintiffs thereafter commenced this action seeking damages based on defendants' allegedly malicious conduct in filing the prior action and Lynn's allegedly malicious conduct in filing the grievance with the AGC. Defendants moved to dismiss the complaint pursuant to "CPLR § 3211 and CPLR § 215." By the order in appeal No. 2, Supreme Court denied that motion.

Defendants then moved for leave to reargue their motion to dismiss the complaint as time-barred. Defendants also sought dismissal of the complaint for failure to state a cause of action

as well as summary judgment dismissing the complaint. By the order in appeal No. 1, the court, inter alia, denied defendants' motion. To the extent that the order in appeal No. 1 denied that part of the motion seeking leave to reargue, it is not appealable (*see Empire Ins. Co. v Food City*, 167 AD2d 983, 984 [1990]).

Addressing first appeal No. 2, we conclude that the court erred in denying that part of defendants' motion seeking dismissal of the first cause of action as time-barred. We agree with defendants that the first cause of action is, in essence, a cause of action for malicious prosecution based on defendants' conduct in filing the prior action (*see Curiano v Suozzi*, 63 NY2d 113, 118 [1984]). Because that cause of action is governed by a one-year statute of limitations (*see* CPLR 215), it is time-barred. We therefore modify the order in appeal No. 2 accordingly.

With respect to appeal No. 1, we conclude that the court erred in denying that part of defendants' motion seeking dismissal of the second cause of action for failure to state a cause of action, and we therefore modify the order in appeal No. 1 accordingly. That cause of action seeks damages for malicious prosecution based on Lynn's conduct in filing a grievance with the AGC. Contrary to plaintiffs' contention, the absolute privilege afforded communications to the AGC protects defendants from liability for torts other than defamation and libel (*see e.g. Jonas v Faith Props.*, 221 AD2d 959, 961-962 [1995]; *Capoccia v Couch*, 134 AD2d 806, 807 [1987], *appeal dismissed* 71 NY2d 1022 [1988]; *cf. Fowler v Leahey & Johnson*, 272 AD2d 240 [2000]; *see generally Wiener v Weintraub*, 22 NY2d 330, 332-333 [1968]).

Finally, in view of our determination in appeal No. 2, we dismiss as moot the appeal from the order in appeal No. 1 insofar as it concerns the first cause of action. Present—Gorski, J.P., Centra, Lunn, Peradotto and Pine, JJ.