said countries other than those mentioned under the exceptions contained in CPLR 205, the plaintiff may reinstitute suit in the courts of this State within the six-month period of limitations contained in that section. In the event of defendant's failure to comply with the foregoing conditions, the order is affirmed, wtihout costs and without disbursements. The action in either Switzerland or Greece is to be instituted within three months after service of a copy of the order to be entered hereon and compliance with the conditions imposed. " It is the general policy of the courts of this State, in the absence of special circumstances, to reject actions between nonresidents founded on tort, where the cause of action arises outside the State". (*Aetna Ins. Co.* v. *Creole Petroleum Corp.*, 27 A D 2d 518, affd. 23 N Y 2d 717; see, also, *Mayflower Rest. Enterprises* v. *Gulf Amer. Corp.*, 36 A D 2d 941; *Jones* v. *United States Lines*, 36 A D 2d 601; *Gilchrist* v. *Trans-Canada Air Lines*, 27 A D 2d 524; *Ginsburg* v. *Hearst Pub. Co.*, 5 A D 2d 200, affd. 5 N Y 2d 894.) The record herein does not indicate any special circumstances impelling the retention of jurisdiction. The plaintiff is a domiciliary of Greece; the ship upon which the accident occurred flies the Liberian flag; the defendant is a Liberian corporation with its principal place of business in Switzerland and the accident occurred while the ship was in port in Venezuela — the voyage having started from a port in Virginia. And, it is to be noted that after the plaintiff sustained his injuries he was treated in Venezuela and returned to his native Greece. The above factors indicate that trial of this action in New York would constitute an unnecessary burden on the New York courts as well as an improper hardship on this foreign defendant. The fact that plaintiff asserts a cause of action under the Jones Act does not require denial of the motion to dismiss based upon *forum non conveniens* where it appears as here, that the governing factors indicate that United States law should not apply. (See *Lauritzen* v. *Larsen*, 345 U. S. 571; *Hernandez* v. *Cali Inc.*, 32 A D 2d 192, affd. 27 N Y 2d 903.) Moreover, it does not appear that plaintiff cannot bring his action in Switzerland where the defendant has its main office, nor does it conclusively appear that plaintiff may not bring action in his native country — Greece. In any event, the conditions under which we reverse adequately protect plaintiff if either of those countries do not have or fail to exercise jurisdiction. Settle order on notice. Concur — Nunez, J. P., Kupferman, McNally, Tilzer and Eager, JJ.

■　In the Matter of the Arbitration between WANDER IRON WORKS, INC., Respondent, and WILAKA CONSTRUCTION CO., INC., Appellant.— Judgment, Supreme Court, New York County, entered on June 1, 1971, denying appellant's application to stay arbitration, reversed, on the law, with $30 costs and disbursements to respondent-appellant, and the matter remanded for trial on the issue of whether the parties entered into a binding agreement to arbitrate. The dissent relies on the acceptance of the letter dated December 19, 1967 and allegedly sent by Wander. However, the reply affidavit of Herbert Kaplan, president of Wilaka, states that "I deny that the original of such letter or any letter purporting to confirm a verbal order in accordance with any proposal submitted by Wander to Wilaka was ever received by Wilaka". This presents a clear issue of fact and a trial must be had to determine the truth. As to Wilaka's letter of July 17, 1970, also mentioned in the dissent, suffice it to say that the parties are not in accord as to the contents of such letter. Wander claims that the letter to which it referred in its telegram of July 21, 1970 was one other than that printed in the record. " No one is under a duty to resort to arbitration unless by clear language he has so agreed." (*Matter of Lehmann* v. *Ostrowsky*, 264 N. Y. 130, 132.) Concur — Stevens, P. J., Capozzoli, McGivern and Nunez, JJ.; Steuer, J., dissents in the following memorandum: I dissent and would affirm the determination of Special Term,

though not altogether on the grounds stated. It appears that respondent was a bidder for the contract for the construction of Ridge Hill Rehabilitation Center. Claimant, who does iron work on construction projects as a subcontractor, circulated a proposal to all bidders, including respondent. On December 13, 1967, it circulated a second proposal in the form of a proposed contract but with the particular work and the prices left blank. The proposed contract contained a clause providing for arbitration. The main contract was awarded to respondent. Immediately thereafter the parties met and concluded an oral contract for the iron work. On December 19, 1967, claimant wrote respondent: " We accept with thanks your verbal order for the Miscellaneous Metal Work in accordance with our proposal dated December 12, 1967 and for the Structural Steel in accordance with our proposal dated December 13, 1967 "; and the letter went on in effect filling in the blanks in the proposed contract by setting out the particular work to be done and the price for each item. There were no other writings between the parties. Claimant started on the work. In July, 1970, while work under the subcontract was still in progress, serious differences arose between the parties and claimant threatened to leave the job. Respondent on July 17, 1970, wrote claimant that it was respondent's understanding that an arrangement had been arrived at that claimant would complete its work and that within 30 days of acceptance by Ridge Hill the parties would seek to resolve all open questions between them. The letter went on to say: " It is mutually understood and agreed that both parties will sincerely make every effort to resolve all open items without prematurely resorting to arbitration." Respondent claims and claimant disputes that the proposal contained in this letter was rejected by claimant. Claimant has demanded arbitration and respondent has moved for a stay on the ground that no contract for arbitration exists between them. It is not subject to dispute that claimant was performing work and supplying materials pursuant to an agreement with respondent. While the agreement was originally oral, it was confirmed by the letter of December 19, 1967, which set out the terms and was never objected to or questioned by respondent. The terms of the agreement were stated to be those of the proposed contract, which terms included arbitration. It is true that respondent denies receipt of the letter of December 19. But it is not every bald denial that raises an issue. Here it is obvious that the parties were proceeding under some contract for the performance of work involving substantial sums of money. If the letter of December 19 did not exist then there was no writing at all delineating the extent of the work, no writing from which it could be determined what was contracted for and what was extra work, and no writing fixing prices for the various items to be performed. The subsequent disputes between the parties belie that the parties were proceeding purely on an unconfirmed oral agreement. In addition, there is the letter of July 17 quoted above. The majority opinion dismisses this letter with the observation that there is a dispute as to its terms. There is no dispute as to the quoted term, as this is what respondent asserts. It is without importance that the terms of this letter may or may not have been rejected by claimant. The significant fact is that the letter recognizes without equivocation a pre-existing right to arbitrate and it urges that this right not be restored too hastily. That right had some genesis, and the only source suggested by anybody was the letter of December 19. Under these circumstances denial of the receipt of the letter does not raise an issue. Even if respondent's proposals in the letter of July 17 were summarily declined, this could not affect the original agreement. Once arbitration is agreed upon, any subsequent termination of the agreement is a matter for the consideration of the arbitrators (*Matter of Lipman [Haeuser Shellac Co.]*, 289 N. Y. 76; *Matter of Stein-Tex [Ide Mfg. Co.]*, 9 A D 2d 288). Consequently there is no

issue to be tried by the court, and Special Term disposed of the application for a stay correctly.