■ GEORGE GLOVER, Respondent, v. VICTORIA GLOVER, Appellant.— Appeal by defendant (on the ground of inadequacy), as limited by her brief, from so much of an order of the Supreme Court, Westchester County, dated September 8, 1972, as, upon granting her motion (1) to increase the amount of child support provided under the divorce judgment heretofore entered in this action and (2) for a counsel fee, increased the child support award from $25 to $45 per week and granted a counsel fee in the amount of $100. Order modified, on the facts and in the exercise of discretion, by increasing the counsel fee award to $250. As so modified, order affirmed insofar as appealed from, with $10 costs and disbursements to appellant. In our opinion, the counsel fee award was inadequate to the extent indicated herein. Hopkins, Acting P. J., Munder, Christ, Brennan and Benjamin, JJ., concur.

■ In the Matter of BARRETT INTERCOMMUNICATION PRODUCTS CORPORATION, Appellant, v. ENTRON, INC., Respondent.— In a proceeding pursuant to CPLR 7503 to stay arbitration demanded by respondent, the appeal is from a judgment of the Supreme Court, Kings County, dated November 1, 1972, which denied the application. Judgment reversed, on the law, and the matter remanded to Special Term for a hearing in accordance with the following memorandum, with costs to abide the event. Petitioner seeks a stay of arbitration on the grounds that (1) respondent has repudiated the contract containing the limited arbitration agreement and (2) the execution of the contract was allegedly induced by fraud. Special Term rejected both grounds and denied the application upon the papers submitted by the parties. We agree that the claim of repudiation does not, under the circumstances herein, entitle petitioner to relief (*Matter of Lipman* [*Haeuser Shellac Prods. Co.*], 289 N. Y. 76, mot. for rearg. den. 289 N. Y. 647; *Matter of Kahn* [*National City Bank*], 284 N. Y. 515). However, in our opinion, petitioner's allegation of fraud in the inception of the contract does raise a substantial question as to the existence of a valid agreement to arbitrate which, if resolved in its favor, would warrant a stay of arbitration. Since issues of fact have been raised which cannot be resolved upon the papers submitted, a hearing is required at which the parties may be afforded the opportunity to present evidence and examine and cross-examine witnesses (*Housekeeper* v. *Lourie*, 39 A D 2d 280, 285; 22 Carmody-Wait, N. Y. Prac., 2d § 141:57). Munder, Acting P. J., Martuscello, Gulotta, Brennan and Benjamin, JJ., concur.