■ BURBANK BROADCASTING COMPANY, Doing Business as KROQ-FM, Respondent, v ROSLIN RADIO SALES, INC., Appellant. — Judgment, Supreme Court, New York County (Albert P. Williams, J.), entered December 1, 1982, which granted petitioner's application to permanently stay arbitration between petitioner Burbank Broadcasting Company, doing business as KROQ-FM and/or KROQ-FM, and respondent Roslin Radio Sales, Inc., and to delete the words "KROQ-FM" from the caption in said proceeding is unanimously reversed, on the law, with costs, and the matter remanded for a hearing to determine the ownership and/or operating interests if any, of George E. Cameron Communications in radio station KROQ-FM, the authority of Jeff Freeman, general sales manager of KROQ-FM, to bind KROQ-FM to a contract providing for arbitration and whether KROQ-FM ratified the contract containing the arbitration clause. ¶ Respondent Roslin Radio Sales, Inc., a New York corporation and a national radio advertising representative, filed a demand for arbitration dated June 17, 1982, upon "George E. Cameron [Communications, GECC], KROQ-FM", pursuant to an arbitration clause contained in a representation agreement executed on June 15, 1980. The agreement was executed on behalf of GECC, KROQ-FM by Jeff Freeman, general sales manager of KROQ-FM. ¶ Petitioner Burbank Broadcasting Co. is a California partnership that owns and operates radio station KROQ-FM. It seeks to stay the pending arbitration proceeding, and to delete its call letters "KROQ-FM" from the caption, contending that it did not execute, nor was anyone authorized to execute, such an agreement on its behalf. ¶ It appears that GECC is a corporation and is the sole owner of radio station KROQ-AM, a Spanish language station (KROQ-FM apparently broadcasts in English). A trade publication listing indicates that "George E. Cameron Communications/ Burbank Broadcasting Co." own and operate both KROQ-FM and KROQ-AM. Moreover the record contains letters from Welsh, general manager of KROQ-FM, that make ambiguous references to a "contract". These facts, and others, are offered by respondent Roslin to demonstrate that Burbank indeed is a party to the contract purportedly executed on its behalf by Jeff Freeman, its general sales manager, or at the very least, ratified and accepted that contract. ¶ Thus, there are conflicting allegations as to whether Freeman signed on behalf of GECC or Burbank and as to which of the two entities, if indeed they

are separate entities as claimed by Welsh and Cameron and as determined by Special Term, owns and operates radio station KROQ-FM. Additionally, there is the conflict as to whether the relationship that admittedly existed between the parties for some two years prior to the demand for arbitration was *ad hoc* as argued by petitioner or contractual as argued by respondent. ¶ It is well settled that on an application to stay arbitration, a trial or evidentiary hearing is required if there is any disputed issue of fact. (*Matter of Princeton Rayon Corp. [Gayley Mills Corp.]*, 309 NY 13; *Kahn v Biernbaum*, 55 AD2d 589; *Matter of Wander Iron Works [Wilaka Constr. Co.]*, 38 AD2d 529). The dispute as to Freeman's authority to bind petitioner is not unlike that found in *Matter of Brookfield Clothes v Tandler Textiles* (78 AD2d 841), where we required a hearing to determine whether the agent who signed the contract containing the arbitration clause was acting on behalf of the principal and had the authority to bind the corporation. ¶ Only persons who have expressly agreed to arbitrate can be compelled to do so (*Matter of Marlene Inds. Corp. [Carnac Textiles]*, 45 NY2d 327; *Schubtex, Inc. v Allen Snyder, Inc.*, 49 NY2d 1). There are plainly disputed issues of fact as to the ownership of KROQ-FM, the authority of Freeman to bind Burbank and as to whether or not Burbank has ratified the contract purportedly executed on its behalf, and thus has agreed to arbitrate. Thus a hearing is required. Concur — Sandler, J. P., Silverman, Fein, Milonas and Alexander, JJ.