■ SANDOR OBERLANDER et al., Appellants, v FINE CARE, INC., Respondent. — In a proceeding pursuant to CPLR article 75 to stay arbitration, petitioners appeal from (1) a decision of the Supreme Court, Kings County (Vinik, J.), dated February 3, 1984, which, after a hearing, stated that petitioner Bella Oberlander's signature on the alleged June 28, 1982 contract was affixed with her apparent consent and authority; (2) an order of the same court (Vinik, J.), dated February 21, 1984, which denied petitioners' motion for reargument of the above decision; and (3) a judgment of the same court (Aronin, J.), dated March 30, 1984, which denied petitioners' application to stay arbitration.

Appeal from the decision dated February 3, 1984 dismissed. No appeal lies from a decision (*Schicchi v Green Constr. Corp.,* 100 AD2d 509, 509-510).

Appeal from order dated February 21, 1984 dismissed. No appeal lies from an order denying reargument (*Fluman v TSS Dept. Stores,* 100 AD2d 838).

Judgment reversed, on the law, and matter remitted to Special Term for a new hearing in accordance herewith.

Any award of costs shall abide the event of the new hearing.

Petitioners are copartners who operate a nursing care center. Respondent is a service organization in the business of supplying labor services to health-care facilities. The two parties allegedly entered into a written agreement, dated June 28, 1982, whereby respondent was to provide labor services to petitioners. The document contains an arbitration clause and bears the purported signature of petitioner Bella Oberlander. Petitioners allege that this contract resulted from fraud on the part of the nursing home's controller, who they claim also had an interest in the respondent company.

Special Term, in denying the application to stay arbitration, relied upon *Matter of Weinrott (Carp)* (32 NY2d 190) and made no determination as to whether there had been "a fraudulent scheme or plan between the signer and the respondent". This was error.

*Matter of Weinrott (Carp)* (*supra*) does hold that a broad arbitration provision of a contract is separable from its substantive provisions and that, even if there is fraud in the inducement of the substantive provisions, all issues, including the claim of fraud, are to be determined by the arbitrators. The court expressly cautioned, however, that "if the alleged fraud was part of

a grand scheme that permeated the entire contract, including the arbitration provision, the arbitration provision should fall with the rest of the contract" (*Matter of Weinrott [Carp], supra,* p 197).

On this question, the record before us establishes the existence of disputed factual issues which cannot be resolved absent an evidentiary hearing (*see, Burbank Broadcasting Co. v Roslin Radio Sales,* 99 AD2d 976, 977; *Matter of Barrett Intercommunication Prods. Corp. v Entron, Inc.,* 41 AD2d 567). Respondent's president testified that the agreement was a "front for the union and for the State agency", and that petitioners hired all of the nursing home's employees. Petitioners' claims of forgery and fraud, if proven, would, as indicated, invalidate the entire agreement, including the arbitration clause (*Housekeeper v Lourie,* 39 AD2d 280, 285). Mollen, P. J., Titone, Thompson and Bracken, JJ., concur.