■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. VINCENT HARRIS, Appellant, v CHARLES SCULLY, as Superintendent of Green Haven Correctional Facility, Respondent.—In a habeas corpus proceeding, the petitioner appeals from an order of the Supreme Court, Dutchess County (Wood, J.), dated June 26, 1981, as amended by an order of the same court (Delaney, J.), dated August 25, 1981, which transferred the proceeding to the County Court, Rensselaer County, for determination.

Appeal dismissed, without costs or disbursements.

No appeal lies from an intermediate order in a habeas corpus proceeding (CPLR 7011; *People ex rel. Johnson v Romano,* 108 AD2d 888; *People ex rel. Ardito v Trujillo,* 88 AD2d 1002). If we were not dismissing, we would affirm. The transfer was neither contrary to law nor an abuse of discretion (22 NYCRR 683.1 [a] [2]). Mollen, P. J., Lazer, Weinstein and Rubin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM H. HARRISON, Appellant, v KEITH J. McKLEAN, as Jail Administrator, Respondent.—In a habeas corpus proceeding, petitioner appeals from a decision of the Supreme Court, Orange County (Green, J.), dated August 11, 1982, which directed that the writ be dismissed.

Appeal dismissed, without costs or disbursements. No appeal lies from a decision *(Oberlander v Fine Care,* 108 AD2d 798).

Furthermore, the claims petitioner raises were or could have been reviewed on the direct appeal from the judgment of conviction. Therefore, they are not subject to review in a habeas corpus proceeding *(People ex rel. Phifer v Scully,* 107 AD2d 729). Mollen, P. J., Lazer, Weinstein and Rubin, JJ., concur.