■ RICHARD DESANTIS et al., Respondents, v EMPIRE STATE COIN-OP DISTRIBUTORS, INC., Appellant.—Order unanimously modified on the law and as modified affirmed and matter remitted to Supreme Court for further proceedings, in accordance with the following Memorandum, with costs to abide the event: Although we agree with Supreme Court's finding that there is a substantial question whether the parties had a valid agreement to arbitrate, we conclude that the court failed to comply with the statutory directive requiring that such issue "be tried forthwith in said court" (CPLR 7503 [a]). Therefore, we modify and direct that the court forthwith hold a trial on the issue whether the parties had a valid agreement to arbitrate *(see, Housekeeper v Lourie,* 39 AD2d 280, 285, *appeal dismissed* 32 NY2d 832; *see also, Oberlander v Fine Care,* 108 AD2d 798; *Matter of Barrett Intercommunication Prods. Corp. v Entron, Inc.,* 41 AD2d 567). (Appeal from Order of Supreme Court, Onondaga County, Murphy, J.—Arbitration.) Present—Dillon, P. J., Callahan, Boomer, Balio and Lowery, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES MARLING, Appellant.—Judgment unanimously reversed on the law and new trial granted. Memorandum: Defendant contends that the Trial Judge committed reversible error when he entered the jury room after deliberations had commenced and, in the absence of defendant or counsel, instructed the jury that they could not have a text of the crimes charged. We agree. By providing further instructions to the jury without defendant or counsel being present, the court violated defendant's constitutional and statutory rights to be present during those instructions *(see,* US Const 6th Amend; NY Const, art I, § 6; CPL 310.30; *People v Cain,* 76 NY2d 119; *People v Mehmedi,* 69 NY2d 759; *People v Ciaccio,* 47 NY2d 431). (Appeal from Judgment of Orleans County Court, Miles, J.—Burglary, 1st Degree.) Present—Doerr, J. P., Green, Pine, Balio and Lawton, JJ.