■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY FORD, Appellant. [700 NYS2d 692] —Judgment, Supreme Court, New York County (John Bradley, J., on motion to dismiss; William Leibovitz, J., at jury trial and sentence), rendered May 28, 1998, convicting defendant of four counts of grand larceny in the fourth degree and four counts of criminal possession of stolen property in the fourth degree, and sentencing him, as a second felony offender, to eight concurrent terms of 2 to 4 years, unanimously affirmed.

Defendant expressly waived his present claim that he was denied the right to have his testimony heard by the Grand Jury prior to the voting of an indictment (*see, People v Evans*, 79 NY2d 407). We see no reason to invalidate this waiver, which was part of a reasonable compromise that allowed defendant an opportunity to testify before the Grand Jury. In any event, at the time in question, defendant's statutory right to testify had been extinguished because he had already been provided with, and had refused, reasonable opportunities to testify (*see, People v Turner*, 227 AD2d 120). Concur—Sullivan, J. P., Mazzarelli, Wallach, Rubin and Andrias, JJ.

■ LIZ LEVY, Doing Business as LL GRAPHICS, Appellant, v WILCOX PRESS, INC., Respondent. [700 NYS2d 693] —Order, Supreme Court, New York County (Barry Cozier, J.), entered on or about October 6, 1998, which, in an action to recover finder's fees, granted defendant's motion for summary judgment dismissing plaintiff's complaint, unanimously affirmed, without costs.

The oral agreement alleged to entitle plaintiff to commissions for referring business to defendant printing company was properly deemed void by the motion court since it falls within the Statute of Frauds (General Obligations Law § 5-701 [a] [10]) and plaintiff has adduced no sufficient writing (*see, Baytree Assocs. v Forster*, 240 AD2d 305, *lv denied* 90 NY2d 810). Concur—Sullivan, J. P., Mazzarelli, Wallach, Rubin and Andrias, JJ.