■ PHIL BAUCCIO, Respondent, v AON RECOVERY, INC., Appellant. [916 NYS2d 218]—

In an action to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Suffolk County (Baisley, Jr., J.), dated September 13, 2010, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendant's motion which was for summary judgment dismissing so much of the complaint as was to recover damages for breach of contract with respect to the portion of an alleged oral agreement which was to pay the plaintiff commissions for future accounts obtained by the plaintiff and for future commissions on certain existing accounts, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

In September 2002, the plaintiff entered into a written consulting and commissions agreement with an entity known as Insurance Solutions Group (hereinafter ISG), which did business as Subrogation Partners, LLC (hereinafter SP). Pursuant to that written agreement, the plaintiff was retained by ISG and SP to obtain new business from insurance companies, self-insured companies, and state and local government entities, and in turn, the plaintiff was entitled to receive 10% of all commissions received and collected by ISG and SP from clients produced by the plaintiff. The plaintiff was compensated by ISG and SP for some, but not all, of the business and revenues produced by him. In 2008, ISG and SP were acquired by the de-

fendant, Aon Recovery, Inc. The plaintiff alleged that he entered into an oral agreement with the defendant, in which the defendant agreed to compensate him for the unpaid commissions of ISG and SP, for future commissions on clients previously obtained by him, and to pay him commissions, at the same rate as ISG and SP did, for future accounts obtained by the plaintiff. The oral agreement, however, was never reduced to writing.

The plaintiff commenced this action against the defendant to recover damages for breach of contract. The defendant moved for summary judgment dismissing the complaint, and the Supreme Court denied the motion. We modify.

Initially, the defendant met its prima facie burden of demonstrating its entitlement to judgment as a matter of law by submitting the affidavit of its chief executive officer (hereinafter CEO), who asserted that the defendant did not agree to pay any debts or commissions owed to the plaintiff by ISG or SP. The CEO also stated that the defendant did not agree to hire, retain, or employ the plaintiff for any purpose. In opposition, however, the plaintiff raised triable issues of fact as to whether the CEO gave actual authority to a marketing representative, who was employed by the defendant, to enter into a compensation agreement with the plaintiff, and whether the marketing representative did enter into an oral compensation agreement with the plaintiff (*see Burbank Broadcasting Co. v Roslin Radio Sales*, 99 AD2d 976 [1984]; *Matter of Brookfield Clothes v Tandler Textiles*, 78 AD2d 841 [1980]).

The defendant established, prima facie, that the portion of the alleged oral agreement in which the defendant agreed to pay commissions to the plaintiff for future accounts obtained by him, and for future commissions on accounts previously obtained by him, is barred by the statute of frauds, as that portion of the alleged oral agreement falls squarely within the broad language of General Obligations Law § 5-701 (a) (10) (*see Levy v Wilcox Press*, 268 AD2d 235 [2000]; *Priolo Communications v MCI Telecom. Corp.*, 248 AD2d 453 [1998]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether an exception to General Obligations Law § 5-701 (a) (10) applied. Accordingly, that branch the defendant's motion which was for summary judgment dismissing so much of the complaint as was to recover damages for breach of contract with respect to the aforementioned portion of the alleged oral agreement should have been granted.

"Pursuant to General Obligations Law § 5-701 (a) (2), 'a special promise to answer for the debt, default or miscarriage of another person' must be 'in writing, and subscribed by the party

to be charged therewith.' Under a longstanding exception to this rule, however, the promise need not be in writing if 'it is supported by a new consideration moving to the promisor and beneficial to him' and provided, further, 'that the promisor has become in the intention of the parties a principal debtor primarily liable' " (*Concordia Gen. Contr. v Peltz*, 11 AD3d 502, 504 [2004], quoting *Martin Roofing v Goldstein*, 60 NY2d 262, 265 [1983], *cert denied* 466 US 905 [1984]).

The defendant established, prima facie, that the portion of the alleged oral agreement in which the defendant agreed to compensate the plaintiff for the unpaid commissions owed to him by ISG and SP was unenforceable pursuant to General Obligations Law § 5-701 (a) (2). In opposition, the plaintiff raised a triable issue of fact as to whether the longstanding exception to General Obligations Law § 5-701 (a) (2) applied. Specifically, the plaintiff raised triable issues of fact as to whether his continued efforts to secure a particular client, Adecco, on behalf of the defendant constituted new consideration running to the benefit of the defendant, and whether the parties intended the defendant to become primarily liable for the unpaid commissions of ISG and SP owed to the plaintiff (*see Perini v Sabatelli*, 52 AD3d 588, 589 [2008]; *Concordia Gen. Contr. v Peltz*, 11 AD3d at 504). Accordingly, the Supreme Court properly denied that branch of the defendant's motion which was for summary judgment dismissing so much of the complaint as was to recover damages for breach of contract with respect to that portion of the alleged oral agreement. Prudenti, P.J., Rivera, Lott and Miller, JJ., concur.