Dozier v Verizon (2018 NY Slip Op 01838)





Dozier v Verizon


2018 NY Slip Op 01838


Decided on March 16, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, DEJOSEPH, NEMOYER, AND CURRAN, JJ.


1462 CA 17-00985

[*1]EULA C. DOZIER, PLAINTIFF-RESPONDENT,
v
VERIZON, DEFENDANT-APPELLANT. 






PHILLIPS LYTLE LLP, BUFFALO (RYAN A. LEMA OF COUNSEL), AND LEIGH R. SCHACHTER, BASKING RIDGE, NEW JERSEY, FOR DEFENDANT-APPELLANT.
EULA C. DOZIER, PLAINTIFF-RESPONDENT PRO SE. 


 Appeal from an order of the Supreme Court, Monroe County (Renee F. Minarik, A.J.), entered August 18, 2016. The order denied defendant's motion to compel arbitration. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Defendant appeals from an order denying its motion to compel arbitration. Contrary to defendant's contention, there are "substantial question[s] whether a valid [arbitration] agreement was made" between the parties (CPLR 7503 [a]), specifically, whether plaintiff knowingly signed the alleged arbitration agreement and whether, if he did, the agreement is unconscionable (see Matter of Frankel v Citicorp Ins. Servs., Inc., 80 AD3d 280, 284-287 [2d Dept 2010]; Matter of Kennelly v Mobius Realty Holdings LLC, 33 AD3d 380, 382-383 [1st Dept 2006]; Oberlander v Fine Care, 108 AD2d 798, 799 [2d Dept 1985]). Supreme Court therefore properly denied the motion, and we note that the statute requires that the above "substantial question[s] . . . be tried forthwith in said court" (CPLR 7503 [a]; see generally Matter of County of Rockland [Primiano Constr. Co.], 51 NY2d 1, 7 [1980]). At the hearing, defendant will have the burden of proving that plaintiff knowingly signed the alleged arbitration agreement, and plaintiff will have the burden of proving that the agreement, if any, is unconscionable (see Frankel, 80 AD3d at 291; see generally Matter of Waldron [Goddess], 61 NY2d 181, 183-184 [1984]).
Entered: March 16, 2018
Mark W. Bennett
Clerk of the Court