Schwartz v WFG Natl. Tit. Ins. Co. (2021 NY Slip Op 01279)





Schwartz v WFG Natl. Tit. Ins. Co.


2021 NY Slip Op 01279


Decided on March 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2018-13476
 (Index No. 515565/17)

[*1]Harold Schwartz, etc., appellant,
v
WFG National Title Insurance Company, respondent, et al., defendants.


Alan J. Wohlberg, Brooklyn, NY, for appellant.
Butler, Fitzgerald, Fiveson & McCarthy, A Professional Corporation, New York, NY (David K. Fiveson and Grail A. Moore of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for fraud, the plaintiff appeals from an order of the Supreme Court, Kings County (Sylvia G. Ash, J.), dated October 10, 2018. The order granted the motion of the defendant WFG National Title Insurance Company for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant WFG National Title Insurance Company for summary judgment dismissing the complaint insofar as asserted against it is denied.
The defendant WFG National Title Insurance Company (hereinafter WFG) underwrites title insurance policies insuring title to real property. The defendant NMR Realty Abstract Services, Ltd. (hereinafter NMR Realty), was an authorized agent of WFG for the purpose of issuing title insurance policies for property located in New York. In 2014, WFG terminated NMR Realty's agency. WFG obtained a temporary restraining order, dated September 22, 2014, against NMR Realty, among other things, restraining and prohibiting NMR from holding itself out as an agent of WFG. WFG alleged that NMR Realty, through its managing director Edward Cardoso, had, inter alia, issued fraudulent title insurance policies while misrepresenting itself as WFG's agent. WFG served, among other documents, the temporary restraining order on Cardoso and NMR Realty on September 22, 2014.
Nonetheless, on the following day, September 23, 2014, NMR Realty issued a title insurance policy to the plaintiff, purportedly underwritten by WFG. NMR Realty represented that there were no encumbrances on certain real property located in Brooklyn. In reliance on that representation, the plaintiff issued a loan to nonparty B & H Development 1 Corp. in the amount of $1,100,000, which was secured by a mortgage on that particular property in Brooklyn, among others. The plaintiff subsequently learned that, contrary to the representations in the title abstract, there were millions of dollars of liens on that particular property, and the plaintiff's mortgage did not have priority. The plaintiff then submitted a claim to WFG under the policy, but WFG denied the claim on the ground that the policy was a forgery.
The plaintiff then commenced this action against WFG, NMR Realty, and Cardoso, among others, seeking, inter alia, damages for fraud and a judgment declaring that WFG must indemnify him under the title insurance policy. As to WFG, the complaint alleged, among other things, that NMR Realty had apparent authority to act on behalf of WFG at the time the subject policy was issued. WFG moved for summary judgment dismissing the complaint insofar as asserted against it, arguing, inter alia, that NMR Realty lacked actual or apparent authority to bind it. In an order dated October 10, 2018, the Supreme Court granted WFG's motion. The plaintiff appeals.
"Actual authority granted to an agent to bind his principal is created by direct manifestations from the principal to the agent, and the extent of the agent's actual authority is interpreted in the light of all the circumstances attending these manifestations, including the customs of business, the subject matter, any formal agreement between the parties, and the facts of which both parties are aware" (New York Community Bank v Woodhaven Assoc., LLC, 137 AD3d 1231, 1233 [internal quotation marks omitted]). "It is fundamental to the principal/agent relationship that an insurance company is liable to a third person for the wrongful or negligent acts and misrepresentations of its agent when made within the general or apparent scope of the agent's authority, although the acts or statements exceeded the agent's actual authority or disobeyed the principal's general or express instructions to the agent" (Gleason v Temple Hill Assoc., 159 AD2d 682, 683; see Bedessee Imports, Inc. v Cook, Hall & Hyde, Inc., 45 AD3d 792, 795). "A corporation must, therefore, be responsible for the acts of its authorized agents even if particular acts were unauthorized," since "the principal is generally better suited than a third party to control the agent's conduct" (Kirschner v KPMG LLP, 15 NY3d 446, 465).
WFG established, prima facie, that NMR Realty lacked actual authority to issue the subject policy (see Matter of 121 Willow, LLC v Board of Assessors of the County of Nassau, 181 AD3d 587, 588). WFG demonstrated that, several months prior to the issuance of the policy to the plaintiff, it disabled NMR Realty's access to its online title policy platform. WFG's submissions also established that, the day before the policy was issued to the plaintiff, WFG obtained and served a temporary restraining order, among other things, directing NMR Realty to refrain from issuing any title insurance policies on its behalf. In opposition, the plaintiff failed to raise a triable issue of fact regarding NMR Realty's actual authority (see Weiss v Hager, 151 AD3d 906, 907-908; cf. Bauccio v Aon Recovery, Inc., 81 AD3d 677, 678).
In the absence of actual authority, a principal may still be bound by the actions of a person who has apparent authority (see Utopia Home Care, Inc. v Revival Home Health Care, Inc., 176 AD3d 900, 902; New York Community Bank v Woodhaven Assoc., LLC, 137 AD3d 1231, 1233). "Essential to the creation of apparent authority are words or conduct of the principal, communicated to a third party, that give rise to the appearance and belief that the agent possesses authority to enter into a transaction" (Hallock v State of New York, 64 NY2d 224, 231; see Standard Funding Corp. v Lewitt, 89 NY2d 546, 551). The proponent of a motion for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324). Failure to make such a showing requires a denial of the motion, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Here, WFG failed to establish, prima facie, that NMR Realty lacked apparent authority to issue the policy. WFG merely pointed to gaps in the plaintiff's proof, which was insufficient to meet its prima facie burden as the party moving for summary judgment (see Iannucci v Kucker & Bruh, LLP, 161 AD3d 959, 960; Quantum Corporate Funding, Ltd. v Ellis, 126 AD3d 866, 871). Accordingly, the Supreme Court should have denied WFG's motion for summary judgment dismissing the complaint.
In light of our determination, we do not reach the plaintiff's remaining contentions.
AUSTIN, J.P., DUFFY, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court