Rahman v Alim (2023 NY Slip Op 00888)

Rahman v Alim

2023 NY Slip Op 00888

Decided on February 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2020-01000
 (Index No. 715746/17)

[*1]Mohammed Rahman, etc., appellant, 
v
Muhammed Alim, et al., respondents, et al., defendants.

Davidoff Hutcher & Citron LLP, New York, NY (Larry Hutcher and Josh Krakowsky of counsel), for appellant.
Nisar Law Group, P.C., New York, NY (Susan Ghim of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for wrongful eviction pursuant to RPAPL 853 and for declaratory relief, the plaintiff appeals from an order of the Supreme Court, Queens County (Darrell L. Gavrin, J.), entered November 22, 2019. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for summary judgment on the issue of liability on the cause of action alleging wrongful eviction pursuant to RPAPL 853 insofar as asserted against the defendants Mohammed Alim, Mohammed Uddin, and Ran NY Group, LLC, and declaring that a certain assignment of a lease is void.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff, along with another individual, leased certain real property in Queens (hereinafter the subject property) for the purpose of operating a catering hall through Core Foods & Catering, LLC (hereinafter Core Foods). The plaintiff commenced this action against, among others, the defendants Mohammed Alim, Mohammed Uddin, and Ran NY Group, LLC (hereinafter collectively the defendants), alleging that the defendants disseized the plaintiff of the subject property under the guise of a fraudulent document entitled "Assignment of Lease with Consent of Landlord" (hereinafter the subject lease assignment), changed the locks, and proceeded to operate their own catering hall at the subject property. The amended complaint asserted causes of action, inter alia, to recover damages for wrongful eviction pursuant to RPAPL 853 and for a judgment declaring that the subject lease assignment is void. The plaintiff moved, among other things, for summary judgment on the issue of liability on the cause of action alleging wrongful eviction pursuant to RPAPL 853 insofar as asserted against the defendants and declaring that the subject lease assignment is void. The Supreme Court denied those branches of the motion, and the plaintiff appeals.
Contrary to the defendants' contention, the plaintiff has standing to commence this action individually and as the principal of Core Foods. RPAPL 853 provides that "[i]f a person is disseized, ejected, or put out of real property in a forcible or unlawful manner, or, after he [or she] has been put out, is held and kept out by force or by putting him [or her] in fear of personal violence or by unlawful means, he [or she] is entitled to recover treble damages in an action therefor against [*2]the wrong-doer." As here, causes of action under the statute may be asserted against those responsible for the wrongful eviction in addition to the landlord (see Mayes v UVI Holdings, 280 AD2d 153).
The plaintiff established, prima facie, that he was disseized of and kept out of the subject property by unlawful means. There is no dispute that the plaintiff did not sign any document assigning the lease to the defendants or agreeing to add them to the lease. An individual named Hassan M. Abdullah signed the subject lease assignment as attorney-in-fact for the plaintiff. Contrary to the plaintiff's contention, a power of attorney dated July 26, 2014, appointing Abdullah as the plaintiff's attorney-in-fact for limited purposes was not revoked by a subsequent power of attorney. Nevertheless, the power of attorney dated July 26, 2014, gave Abdullah the authority to sign documents only for Core Foods, not for the plaintiff individually. A document is void and conveys nothing when the attorney-in-fact was acting pursuant to an invalid power of attorney (see ABN AMRO Mtge. Group, Inc. v Stephens, 91 AD3d 801).
Moreover, the president of the landlord stated in an affidavit that he did not sign the subject lease assignment and had never seen the document before. A forged signature renders a contract void ab initio (see Kwang Hee Lee v ADJMI 936 Realty Assoc., 46 AD3d 629). Further, the lease requires the landlord's prior written consent to an assignment.
In opposition, the defendants raised triable issues of fact in asserting that since the assignment of the lease concerned the business of Core Foods, they relied on Abdullah's apparent authority to sign the subject lease assignment on behalf of Core Foods (see Schwartz v WFG Natl. Tit. Ins. Co., 192 AD3d 713). The defendants also submitted evidence that they paid various overdue bills, including rent and utilities, and the landlord subsequently agreed to add their names to the lease.
Accordingly, triable issues of fact exist as to whether the lease was properly assigned, or whether possession of the subject property was withheld from the plaintiff through unlawful means (see Sunset Café, Inc. v Mett's Surf & Sports Corp., 103 AD3d 707). The Supreme Court therefore properly denied those branches of the plaintiff's motion which were for summary judgment on the issue of liability on the cause of action alleging wrongful eviction pursuant to RPAPL 853 insofar as asserted against the defendants and declaring that the subject lease assignment is void.
BARROS, J.P., RIVERA, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court